WARREN CURRIER, Respondent, v. SAMUEL B. LOWE, Appellant.

32 203
39a 317

32 203
101a 652

*Pleading—Evidence.*—A defendant cannot make a defence by the evidence upon the trial, unless it be presented by the pleadings.

*Appeal from St. Louis Circuit Court.*

This was an action upon an award at common law.

The petition stated that on February 28, 1859, controversies were pending between plaintiff and defendant concerning a contract for the building by defendant of forty cattle cars for the North Missouri Railroad Company, of which contract plaintiff was entitled to one half the profits; that said matter was referred to one Roberts, by consent of parties, who, having heard the parties and their proof, awarded the plaintiff the sum of one thousand nine hundred and six dollars eighty five cents, with fifty dollars, one half the arbitrator's costs.

The defendant by his answer denied the alleged submission; denies that he agreed to abide by the award, and denied that any legal and valid award was ever made in the premises.

Upon the trial, the plaintiff proved the written award of the arbitrator, of which a copy had been given to each party.

The arbitrator was called as a witness to prove the grounds of his award, &c. Evidence to show an error in the action of the arbitrator was excluded.

The court gave for plaintiff the following instruction, to which defendant excepted:

"If the court believe from the evidence, that matters in difference between plaintiff and defendant were submitted to James S. Roberts by them for his decision, they agreeing to abide by and perform his award, and said Roberts did make an award in writing in accordance with the terms of said submission, and delivered a copy thereof to plaintiff and defendant, then defendant is bound by said award, and plaintiff is entitled to recover the amount awarded to him as found

by said award, and interest thereon from the date of said award."

For the defendant, the court gave the following instruction:

" If it appear from the evidence that the contract between Lowe and Sedgwick, read in evidence by plaintiff, was a material part of the terms of the submission alleged by the plaintiff, and if it further appear that the arbitrator in making his award wholly disregarded any material provision for the benefit of defendant therein contained, then the award was invalid and plaintiff cannot recover thereupon."

*Krum* and *Decker*, for appellant.

I. Parol evidence was admissible to show that the arbitrator had committed a mistake of law or fact. (2 Green. Ev. 675–78; Butler v. Mayer, &c., New York, 7 Hill 339; Newman v. Labeaume, 9 Mo. 30; Frissell v. Fickes, 27 Mo. 557; Walker v. City Council, 1 Bailey, Ch. 443; Smith v. Spencer, 1 McCord, Ch. 93; Pratt v. Hackett, 6 J. R. 14; Severance v. Hilton, 32 N. H. 289; Hall v. Chandler, 3 Gibbs, (Mich.) 524; King v. Armstrong, 25 Ga. 264.)

II. The plaintiff was not entitled to recover the costs of $50 awarded against defendant. (Caldwell on Arb. 197, and cases cited; 8 Mass. 399; Hansen v. Weber, 40 Maine 194; Vose v. How, 13 Metc. 243; Hinman v. Hapgood, 1 Denio, 188.)

*Currier*, for respondent.

I. The evidence ruled out was properly excluded, because it was to the merits of the award which were not in issue, and not open to investigation under the pleadings. (R. C. 1855, p. 1232, § 12.)

II. The defence set up should have been specially pleaded. It was an equitable not a legal defence, and should have been properly stated in the answer. (Taylor v. Carryall, 12 Serg. & R. 243; Newland v. Douglas, 2 J. R. 61; Bartlett v. Todd, 3 J. R. 366; Cranston v. Kenny, 9 J. R. 212; Phil. Ev., C. & H., *n.*, 343.)

The authorities all distinguish between awards made under a rule of court and awards made in virtue of a voluntary submission at common law. The former can be corrected or set aside by the court granting the rule; the latter only in a court exercising chancery jurisdiction.

In this State, under the new system, the party seeking equitable relief must state the facts which authorize it. (Jones v. Brinker, 20 Mo. 87; Vasquez v. Ewing, 24 Mo. 31.)

III. The arbitrator was not a competent witness to prove the facts in avoidance of the award. (Elmaker v. Buckley, 16 Serg. & R. 72; Kingsland v. Kincaid, 1 Wash., C. C., 448; Newland v. Douglas, 2 J. R. 62; Efner v. Shaw, 2 Wend. 567; 1 Phil. Ev., C. & H., n., 166; 1 Green. Ev., § 236 & 249.)

DRYDEN, Judge, delivered the opinion of the court.

The defendant urges two grounds of complaint against the proceedings of the Circuit Court, which we will notice in their order. First, that the court excluded the evidence which the defendant introduced to prove that the arbitrator had improperly refused him credits in the award to which he was entitled; and, second, that the court gave an improper instruction at the instance of the plaintiff. A third ground why the judgment of the Circuit Court should be reversed, viz., that the arbitrator exceeded his authority in awarding costs in the case, is urged by the defendant; but the point not having been made in the lower court by demurrer, answer, motion, or otherwise, the practice of this court has become so well settled, that, whether there was error in the matter or not, we would not feel at liberty to disturb the judgment for that cause, and will, therefore, take no further notice of the question.

1. An examination of the answer will show that it sets up no real matter constituting a defence; makes no objection to the award declared on, but spends its force in denying, first, the submission alleged; second, the mutual promise of the parties to abide the award; and, third, that an award was

made. The defendant having staked his whole defence upon the denials of the allegations of the petition, cannot be allowed on the trial to turn himself about and make a case by the evidence not made by the pleadings. If such a practice were tolerated, it would lead to inextricable confusion in the trial of causes, and render pleading a mere cheat and snare. The evidence excluded was not only not applicable to any issue made in the cause, but was in direct conflict with the state of case made by the answer. The answer denied that an award had been made; the excluded evidence admitted the award, but sought to show it was *wrong*. If the defendant meant to rely upon the proposed defence, he ought to have laid the foundation for the introduction of the evidence to support it by appropriate allegations in his answer; but having failed to do so, whatever of merit there may be in it we cannot relieve him.

2. As to the second error complained of, we see nothing objectionable in the declaration of law in the nature of an instruction given by the court.

Let the judgment of the Circuit Court be affirmed; the other judges concuring.