## SCHOOL DIRECTORS

*v.*

## HIRAM SIPPY.

1. SCHOOL DIRECTORS—*of their power to execute promissory notes.* The power given to school directors, by the statute of 1865, upon a vote of the people, to borrow money for certain purposes and issue bonds therefor, can not be enlarged by construction or implication so as to authorize them to execute promissory notes, which, in themselves, would be binding on the district.

2. SAME—*pleading and proofs in such case.* And in an action against the directors in their corporate capacity to recover the amount of a note executed by them, the declaration should show an indebtedness contracted in the manner and for the purpose authorized by the statute, and on the trial, proof should be made of these facts; the note would then be admissible in evidence as tending to show the amount of money loaned, but would not, of itself, prove a liability.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion sufficiently states the case.

Messrs. DALE & BURNETT, for the plaintiffs in error.

Messrs. GILLESPIE & SPRINGER, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action against school directors in their corporate capacity, brought upon a promissory note, and a demurrer to the declaration having been overruled, judgment was rendered for the amount appearing to be due on the face of the note.

The law of 1865 authorizes school directors, upon a vote of the people, to borrow money for certain purposes and issue bonds therefor. It does not authorize them to execute promissory notes. Why the legislature required them to issue bonds as evidences of indebtedness, without giving them power to execute notes, we do not know, but it has done so, and their action must be restricted by the legislative will. We are not disposed to enlarge, by construction or implication, the power of these officers to contract debts. The law seeks carefully to guard the school fund from wasteful expenditure, and it is our duty to construe its provisions in the spirit of their enactment. We can not, therefore, hold that a promissory note executed by the directors is, of itself, and without further proof, binding upon the district. The declaration should have shown an indebtedness contracted in the manner and for the purpose authorized by the statute, and on the trial, proof should have been made of these facts. The note would have been admissible in evidence as tending to show the amount of money loaned, but does not, of itself, prove a liability.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*