———o———

HARDY BROOKS, Defendant in Error, *vs.* PASCHAL E. ANCELL, *et al.*, Plaintiff in Error.

1. *Practice, civil—Pleading—Different counts—Suit on contract containing more than one stipulation—Variance, etc.*—In suit on a note wherein defendant promised to pay a certain sum (together with costs and attorney's fees,) it was held no variance that the first count omitted, and the second count set forth the stipulation as to payment of costs, etc. In such case the second count might be treated as a continuation of the first, or as part of it and both might be considered as one count.

2. *Contract, stipulations in—Failure to sue upon all—Effect of.*—A party need not sue upon all the stipulations of a contract. But if he sues upon one and neglects to sue upon the other stipulations contained in the same contract, judgment in the first suit might be a bar to an action on the omitted stipulations.

*Error to Cape Girardeau Court of Common Pleas.*

*George H. Greene,* for Plaintiff in Error.

*Dennis Wilson,* for Defendant in Error.

ADAMS, Judge, delivered the opinion of the court.

This was an action founded on the following instrument of writing to-wit : " One year after date we promise to pay to Hardy Brooks five hundred dollars, (and all costs and lawyers' fees necessarily incurred in the collection of the same) for value received, negotiable and payable without defalcation or dis-

count, and with interest on said sum of five hundred dollars from date, at the rate of ten per cent. per annum.

John D. Ancell.
Paschall E. Ancell.
George H. Watson.

In the first count of the petition, this instrument was set forth with the exception of the stipulation in brackets in regard to payment of costs, and judgment was demanded for the five hundred dollars with interest. In a second count of the same petition, the stipulation about payment of costs is set forth and a breach alleged and judgment claimed for amount of costs paid under this stipulation. There was also a third count in the petition which it is unnecessary to recite, as both the second and third counts were dismissed.

When the instrument was offered in evidence, the defendant objected on the ground of variance; but the court overruled the objection and gave judgment for the five hundred dollars and interest.

This question of variance is the only point presented for our consideration. There seems to be no variance at all unless it be in omitting to sue upon one of the stipulations of a contract. A party need not sue upon all of the stipulations of a contract. If he sues upon one and neglects to sue upon others contained in the same contract, a question might arise whether a judgment in the first suit, would not be a bar to an action on the omitted stipulations.

That question, however, is not before us now, and need not be passed on here. In this case, the second count asking judgment on the stipulation in regard to costs, may be looked upon as only a continuation of the first count, or as part of it, and both counts together may be treated as one count, and as describing the instrument in all particulars. And the dismissal as to the count must be treated as waiving any right to a judgment on that stipulation. Under this view there seems to be no error in the record.

Judgment affirmed. The other judges concur.