Wade v. Hardy.

WADE v. HARDY, *Appellant.*

1. **Instructions.** No issues should be submitted by the instructions but such as are made by the pleadings.

2. **Presumption of Settlement of Demands.** Where it was conceded by the pleadings that the consideration of a note given upon a settlement between the plaintiff's intestate and defendant, was services rendered by the intestate ; *Held*, that this rebutted the presumption which would otherwise have arisen that the settlement embraced all the demands between the parties.

3. **Witness :** PARTY TO CONTRACT, OTHER PARTY BEING DEAD. Where an administrator is a party to an action upon a contract made by his intestate, the adverse party will be admitted to testify in his own favor as to matters which have occurred since the appointment of the administrator. Qualifying *Ring v. Jamison*, 66 Mo. 424, and *Wood v. Matthews*, 73 Mo. 482.

*Appeal from Pettis Circuit Court.*—HON. WM. T. WOOD,. Judge.

REVERSED.

*John F. Philips* for appellant.

*G. C. Heard* and *G. P. C. Jackson* for respondent.

HOUGH, J.—This was an action on a promissory note executed by the defendant to the plaintiff's intestate, W. T. Edelen, on the 1st day of January, 1878, for the sum of $1,800, payable one day after date, with ten per cent interest, and also on an account for $25 for services rendered

by said intestate as clerk in defendant's store from January 1st to January 10th, 1878.

Defendant admitted the indebtedness alleged, but by way of counter-claim set up that the defendant, for a number of years, had been engaged in the mercantile business at Knob Noster and Lamonte, Missouri; that he employed said Edelen as his agent to take charge of and conduct the business of said store at Lamonte; that, by the terms of said employment, it was agreed and understood between them that said Edelen was to sell goods for cash, and not otherwise; that said Edelen promised and agreed not to sell the goods upon a credit, and that if said Edelen did sell on a credit, it was at his own risk; that the consideration of the note and account sued on was for the wages of Edelen under said employment. It further averred that said Edelen, in violation of said agreement and instructions, sold a quantity of defendant's goods on a credit, for a part of which he took notes amounting to $976.26, and the remainder was accounts to the amount of $658.56, an itemized list of which was filed with the answer; which sums it was averred had not been paid to defendant; for which he asked judgment, and prayed that the same might be recouped out of the sum sued on.

The reply denied the facts constituting the counter-claim set up in the answer, and averred that on the 1st day of January, 1878, said intestate and the defendant had a full, final and complete settlement and adjustment of all matters and transactions between them up to that date, and that the defendant thereupon made the note sued on.

Testimony was offered by the respective parties tending to establish the allegations contained in the answer and reply. The defendant also offered evidence tending to show that most of the parties owing the notes and accounts referred to in his answer were insolvent. The plaintiff and another witness were permitted to testify as to various acts and statements of the defendant relating to the matters in controversy done and made after the grant of letters

of administration to the plaintiff. The defendant offered himself as a witness for the purpose of testifying in relation to the acts and statements attributed to him by the plaintiff and said other witness, after the grant of letters as aforesaid, but was not permitted to testify.

The court gave the following instructions for plaintiff:

1. The note and account sued on by plaintiff are admitted; and in order to deduct therefrom the counter-claim set up by defendant, the jury must believe from the evidence in the case, either that by the contract of employment of Edelen by defendant, it was mutually agreed between them that Edelen should sell for cash only, or that during the employment defendant instructed Edelen not to sell on credit, but for cash only, and that notwithstanding such contract or instructions Edelen did sell goods on credit, and that the notes and accounts mentioned in the counter-claim are for sales made by Edelen on credit, and that the same are still unpaid to defendant.

2. Even if you believe that Edelen sold goods for the defendant on credit in violation of the instructions of defendant, yet if you further believe from the evidence that afterward defendant, with full knowledge thereof, acquiesced in and ratified the said credit sales, then it has the same effect as though he originally authorized them to be made.

3. To ratify the acts of Edelen, it is not necessary that there should have been any positive or direct confirmation by defendant. You are authorized to find a ratification from the acts and conduct of the defendant relating to these matters, if you are satisfied from such acts and conduct of defendant that he intended and did ratify the acts of Edelen.

4. Even if you believe that Edelen sold goods for the defendant on credit, in violation of instructions, yet if you further find that Edelen and defendant had settlements of the matters and business between them, including matters now in suit; that defendant had full knowledge of the

matters set up in his answer; that, on a settlement with Edelen, defendant made the note now in suit, and that he took into his possession and management the notes and accounts for goods sold on credit, you are authorized to find that there was a ratification of the acts of Edelen as defendant's agent.

5. If the jury find from the evidence that on or about the 1st day of January, 1878, Edelen and defendant had a settlement between them of the matters pertaining to the employment of Edelen by defendant, and of his management of defendant's business up to said time; and that at said time, in pursuance of said settlement, defendant executed to Edelen the note in suit, for the amount agreed by said parties to be then due Edelen, and that at said time defendant had knowledge of the matters complained of in his counter-claim, then it devolves upon defendant to show to your satisfaction, that the said matters complained of in his said counter-claim were not embraced in and adjusted by said settlement.

6. It devolves on defendant to establish to your satisfaction, from the evidence in the case, the defense he has set up in his answer, and unless he does so, you should find for plaintiff upon both counts of the petition, making a separate finding of the amount you may find to be due on each count.

The following instructions were asked by the defendant:

1. If the jury believe from the evidence that defendant employed Edelen to manage and conduct defendant's store at Lamonte, with directions to sell goods for cash, and not on credit, and that Edelen, notwithstanding, did sell defendant's goods on credit, on his own responsibility, then he became liable to defendant for all such goods so sold and not paid for.

2. If the jury believe from the evidence that defendant employed Edelen to manage and conduct defendant's store at Lamonte, with instructions not to sell the goods on

credit, and Edelen did sell goods on credit, assuring defendant that he would be responsible to him for the same, then, although defendant may have known that Edelen was selling the goods on credit, such fact did not relieve him from liability to defendant for losses occasioned thereby.

3. If the jury find from the evidence that Edelen did sell defendant's goods on credit, under the circumstances and conditions stated in the foregoing instructions, then the jury will deduct from the amount found to be due and owing on the claim of plaintiff against defendant, such sum as they may find represents the amount of insolvent debts so created by Edelen, as well as those created by the clerks under him, if they believe from the evidence that said clerks were acting under the control of Edelen in selling said goods on credit.

4. If the jury find that defendant employed Edelen to manage his store, and sell goods for him, under the instructions and the conditions stated in the foregoing instructions, and Edelen did sell defendant's goods on credit, with the agreement and understanding between them, that Edelen would be responsible to him for all such debts thus created, then, although the jury may further find that defendant gave Edelen the note sued on, in settlement of what defendant owed him up to the 1st day of January, 1878, yet such fact did not release Edelen from accountability to defendant for such losses as might result to him from such sales on credit; unless the jury further find from the evidence that the matter of such accountability and losses was taken into the account between them, at the time of making said note, and was settled between them; (and it devolves upon plaintiff to establish, by evidence, the fact of such settlement of Edelen's liability, and unless plaintiff has established this fact to the satisfaction of the jury, they will find such issues for defendant.)

5. It stands admitted by the pleadings that the consideration of the note sued on is for the wages of Edelen

for the years 1876 and 1877, in the store of defendant.

The court gave the first, second, third and fifth of said instructions, and refused the fourth, as asked, but gave the same, except the following, at the conclusion, to-wit: "And it devolves upon plaintiff to establish by evidence the fact of such settlement of Edelen's liability, and unless plaintiff has established this fact to the satisfaction of the jury, they will find such issues for defendant."

No question seems to have been made at the trial as to the applicability of the statute of frauds to the undertaking of the plaintiff's intestate to be responsible for the sales made by him on credit as set up in the defendant's answer, and it is, therefore, unnecessary for us to say anything in regard to that phase of the case. The appellant complains chiefly of the action of the trial court in submitting to the jury the question of the ratification by defendant, of Edelen's act in making sales on credit, and of the refusal of the court to declare that the burden of proof was upon the plaintiff to show that the matters set up as a counter-claim were adjusted and settled at the time of the execution of the note sued on, and the refusal of the court to permit the defendant to testify.

The court erred in submitting the question of ratification to the jury in the instructions given for plaintiff. No

1. INSTRUCTIONS. such issue was made by the pleadings. *Capital Bank v. Armstrong*, 62 Mo. 59; *Currier v. Lowe*, 32 Mo. 203.

The answer alleged an agreement by which Edelen was to be responsible for all credits given, and the reply

2. PRESUMPTION OF SETTLEMENT OF DEMANDS. denied any such agreement was ever made. The allegations of the answer necessarily imply that the defendant consented that Edelen might sell on credit provided he would consent to become responsible for the punctuality and solvency of the persons to whom he should so sell; and it does not necessarily follow that the defendant released Edelen from all liability on account of such sales, simply because he had full knowledge thereof

and acquiesced in the same. The burden of proof was on the plaintiff to show that all claims, if any, in favor of the defendant, arising out of sales made on credit by Edelen, were settled and adjusted by the parties at the time of the execution of the note sued on; inasmuch as it was admitted by the plaintiff, in his reply, that said note was given by the defendant in consideration of the personal services of Edelen while in his employment. This statement repels the presumption, which would otherwise arise from the execution of the note, that there had been an accounting and settlement of all demands between the parties. *De Freest v. Bloomingdale*, 5 Denio 305; *Lake v. Tysen*, 2 Seld. 462, 463. Had the reply simply alleged that the note was given upon a settlement, and the testimony tended to show that there had been a settlement, then it wouldhave devolved upon the defendant to show that the demand now set up by him was not included in that settlement. *Perry v. Roberts*, 17 Mo. 36. It follows that the concluding paragraph of the fourth instruction, as asked by the defendant, should have been given.

We are further of opinion that the court erred in refusing to permit the defendant to testify as to the acts and statements attributed to him by the plaintiff and Brumley, after letters of administration were granted to the plaintiff. Section 4010 of the Revised Statutes provides that " where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the   *   *   appointment of the administrator." Under the construction given to this section by this court in the cases of *Poe v. Domic*, 54 Mo. 123; *McGlothlin v. Hemry*, 59 Mo. 213, and *Martin v. Jones*, 59 Mo. 181, the defendant was a competent witness to disprove or explain the conversations which the plaintiff and Brumley testified they had with him. Statutes like ours have been

3. WITNESS: party to contract, other party being dead.

similarly construed in other states. *Palmer v. Kellogg*, 11 Gray 27; *Howe v. Merrick*, 11 Gray 129; *Lincoln v. Lincoln*, 12 Gray 45; *Cronan v. Cotting*, 99 Mass. 334; *Merrill v. Pinney*, 43 Vt. 605. We deem it to be both against the letter and the spirit of the statute to permit an admnistrator, who is plaintiff in a suit, to testify to a conversation had by him with the defendant in such suit, affecting the right of plaintiff to recover, and to prohibit such other party from giving his version of such conversations; and the same rule should apply to the testimony of third parties in relation to the acts, statements or admissions of the defendant. In so far as the cases of *Ring v. Jamison*, 66 Mo. 424, and *Wood v. Matthews*, 73 Mo. 482, are in conflict with the cases cited and the views here expressed, they are disapproved.

The testimony of Hemphill as to what Brumley said was hearsay, and should have been excluded. The defendant was entitled to conclude the argument before the jury. The judgment will be reversed and the cause remanded. The other judges concur.