G. H. Ten Broek et al., Respondents, v. The Winn Boiler Compound Company, Appellant.

St. Louis Court of Appeals, December 8, 1885.

1. Corporations—Contracts—Agency.—The by-laws of a manufacturing corporation, providing that no officer can bind the corporation by the purchase of any article exceeding twenty-five dollars in value, is no defence to an executed contract of sale where the vendor had no notice of the limitation imposed by the by-laws.

2. ——— Estoppel.—A corporation having availed itself of the benefits of a contract of purchase made on its behalf, by using the articles bought, is estopped from setting up the fact that the agent exceeded his powers in making the purchase.

Appeal from the St. Louis Circuit Court, George W. Lubke, Judge.

*Affirmed with damages.*

W. C. Marshall, for the appellant.

Thomas Metcalfe, for the respondent.

Rombauer, J., delivered the opinion of the court.
The defendant is a manufacturing corporation, and

is sued in this action for the value of goods sold and delivered to it, to the amount of $93.95. The contract for the goods was made by the defendant's president, and the articles bought were used by it in its business. The amount of the bill is not disputed. There was a judgment for the plaintiffs in the lower court.

A by-law of the defendant's, which was offered in evidence, prescribed that no officer, agent, or servant of the defendant company should have power to bind the company for the purchase of any article, or to contract any debt for the company exceeding twenty-five dollars in amount, without a previous authority from the board of directors. This fact is relied on as the only defence in the case.

It is not shown that the plaintiffs, or their assignor, were aware of the existence of such a by-law prior to the sale and delivery of the articles by them. It is shown that the defendant used the articles sold in its business and availed itself of the benefit of the contract. It can not now question its validity on the ground that its agent exceeded his authority in making the contract. *Lungstrass v. German Ins. Co.*, 57 Mo. 109; *Merchants Bank v. State Bank*, 10 Wall. 644 (77 U. S.); *Southgate v. Railroad*, 61 Mo. 94; Greene's Brice, *Ultra Vires*, 474, 784.

We are requested to affirm the judgment with damages, and seeing no merit in the appeal will do so. The judgment is affirmed, with ten per cent. damages. All the judges concur.