HANNAH STONES ET AL., Defendants in Error, v. DAVID
RICHMOND, Plaintiff in Error.

Kansas City Court of Appeals, February 15, 1886.

1. FRAUD—REPRESENTATIONS AS TO VALUE—RULE AND EXCEPTION—
CASE ADJUDGED.—Ordinarily a representation as to *value*, though
false, will not be considered fraudulent, if the parties are upon an
equal footing, but merely an expression of opinion; the *exception* to
the rule being, that if the parties are not upon equal footing, the law
does not preclude one from trusting another in regard to those
things of which that other has the means of knowledge, and the one
is not in a position to know or ascertain the truth from his own ob-
servation. And this is also applicable to *quantity*, in case of sale of
stock of goods by a merchant, to one wholly inexperienced in mer-
cantile business.

2. ――― CONCEALMENT OF FACTS WHEN FRAUDULENT.—"Where one
induces another to abstain from seeking information, mere conceal-
ment of material facts may become fraudulent. * * * Nor is
the rule different where the vendor suggests examination to the
purchaser, but in such a way as to indicate that such a step would
be quite unnecessary." Bigelow on Fraud, 68.

3. PRACTICE—INSTRUCTIONS—ISSUES OF PLEADINGS.—Where there was
no pleading upon which to base an instruction, the refusal of it was
proper. If a question of ratification or estoppel is relied upon as a
defence, it must be pleaded, in order to justify an instruction de-
claring the law applicable to it.

APPEAL from Jackson Circuit Court, HON. TURNER
A. GILL, Judge.

*Affirmed.*

Statement of case by the court.

Plaintiffs are husband and wife. Defendant was the
owner of a grocery store in Kansas City, Mo., which he
traded to plaintiff Hannah, for her house and lot in said
city. The husband acted as agent for the wife in the ne-
gotiations for the trade, and assisted in running the store
after the trade. The evidence was undisputed that plain-

tiff had no experience as a grocer. The evidence tended to show that defendant represented to plaintiff that he had taken an invoice of the stock of groceries since the negotiations were begun and found as the result of that invoice that he had in stock eight hundred dollars' worth of goods at wholesale prices, and that the fixtures were worth one hundred and fifty dollars, and that if these representations were not true, he had five thousand dollars' worth of property to make them good. That plaintiff relied upon these representations as being true and in consequence thereof made the trade. The evidence tended further to show that defendant, in connection with his statement that he had just taken an invoice, himself suggested to plaintiff to take one for her own satisfaction. The evidence further tended to show that defendant's representations were false and fraudulent and made for the purpose of deceiving plaintiff. On the other hand the evidence on defendant's part tended to show he made no false representation and did not deceive nor attempt to deceive plaintiffs.

Plaintiffs obtained judgment in the court below and defendant appeals.

C. W. FREEMAN, for plaintiff in error.

I. If the vendor, by words or acts, deceives the purchaser as to the quality or value of the goods sold, yet the purchaser cannot maintain an action of deceit, if the goods were open to his observation, and he could by the use of ordinary diligence and prudence ascertain their quality — unless he protect himself by a warranty —(*caveat emptor*). *Brown v. Leach*, 107 Mass. 364; Benjamin on Sales (3 Am. Ed.) 411, and note *m; Manning v. Albee*, 11 Allen (Mass.) 522.

II. Mere statements as to value of property are not to be relied on by purchaser. *Brown v. Castles*, 11 Cush. (Mass.) 356; *Stephens v. Orman*, 10 Florida 9; *Dickinson v. Lee*, 106 Mass. 557; *Hess v. Young*, 39 Ind. 379; *Mooney v. Miller*, 102 Mass. 220; Bigelow on Frauds, 66, and cases cited.

III. The fourth instruction, as to ratification or estoppel, should have been given by the court. There was evidence to sustain it. Benjamin on Sales, sect. 453. And the instructions given by plaintiff were erroneous.

IV. The verdict was the result of ignorance or prejudice. It cannot be reconciled with the facts proven. There is nothing to support the charges of fraud, and much testimony to show that the representations were substantially true.

KARNES & ESS and LIPSCOMB & RUST, for defendants in error.

I. This court will not disturb the finding of the jury on the facts, if no error was committed in giving or refusing instructions. The instructions given in the case were proper.

II. The parties did not stand upon an equal footing. Defendant was familiar with the business, and plaintiff was not, and plead reliance on what he said as to amount and quality of goods, and said that he had recently taken an inventory of them. Though a party may inspect, if induced by vendor not to make a *close* inspection, the vendor will be liable on account of his misrepresentations. Bigelow on Fraud, sects. 67, 68 and 69.

III. The fourth instruction was properly refused. Plaintiff had the right to keep the goods after finding they were not as represented, and sue defendant on his fraudulent representations. There was no evidence of her intention to waive her right to sue. She had a reasonable time within which to sue, and did not have to give defendant any notice. Benj. on Sales (4 Am. Ed.) sect. 1356. A waiver will not be presumed when the facts are equally consistent with another theory. The one relying on the waiver has the affirmative, and the presumption is against the waiver. *Ibid.*

ELLISON, J.—Ordinarily a representation as to value, though false, will not be considered fraudulent if the parties are upon equal footing, but merely an expression of

opinion. The exception to the rule being that if the parties are not upon equal footing the law does not preclude one from trusting another in regard to those things of which that other has the means of knowledge and the one is not in a position to know or ascertain the truth from his own observation. If from the character, situation or surroundings of the thing traded for, one party is compelled to trust the representations of the other, and reposing special confidence in him for that purpose, relies on his proffered representations, being precluded from the situation of the property, from giving it his personal observation, or from its character being unable to judge of it, the law will protect him in the trust he reposes in the opposite party. *Cahn v. Bungardt*, 18 Mo. App. 115. In the case before us, however, as we interpret the evidence in connection with the subject matter of the trade, it was not so much a representation of value as it was of quantity. So if we should hold plaintiff bound to know the value of the groceries traded her, without a specific remuneration, she could not have known the quantity of goods in stock. And being wholly inexperienced in the grocery business, while defendant was a tradesman of that character, and professing to know just what amount of goods he had and that his knowledge was based upon an invoice then just made, we think it not unreasonable that plaintiff should have relied upon his statements to that effect. The fact that defendant suggested to plaintiff that she might take an invoice to satisfy herself does not of itself relieve him from responsibility for his own misrepresentations. "Where one induces another to abstain from seeking information, mere concealment of material facts may become fraudulent. * * * Nor is the rule different where the vendor suggests examination to the purchaser, but in such a way as to indicate that such a step would be quite unnecessary." Bigelow on Fraud, 68. Here there was evidence showing that defendant stated he had invoiced the goods during the negotiations for a sale, and found there was eight hundred dollars'

worth, besides fixtures, and so as to impress this statement the more fully on plaintiffs, he stated he had five thousand dollars' worth of property to make good his statement.

In this connection he suggests that plaintiff herself may take an invoice. Considering the relation of the parties, the experience of the one and the inexperience of the other, we think under the evidence in the cause the case was properly left to the jury. In view of the pleadings and evidence we are of the opinion the court's action in giving and refusing instructions was proper. Waiving all objection to the fourth instruction, refused for defendant on account of its phraseology, there was no pleading on defendant's part upon which to base it. It submits the question of ratification by plaintiffs, to the jury on account of their conduct in regard to the stock after discovering the facts. Whether the conduct was such as to satisfy the sale or estop plaintiffs from complaining, it should have been pleaded by defendant in order to justify the instruction. *Wade v. Hardy*, 75 Mo. 394; *Bray v. Marshall*, 75 Mo. 327; *Noble v. Blount*, 77 Mo. 235, 242.

We find no error justifying a reversal and we affirm the judgment. The other judges concur.