E. T. WEBB, Respondent, v. JOHN ALLINGTON and FRANK P. ANDERSON ; FRANK P. ANDERSON, Appellant.

Kansas City Court of Appeals, November 7, 1887.

1. PRACTICE—INSTRUCTIONS—MOTION FOR NEW TRIAL.—Where objection is not made to instructions in the motion for new trial, no error is assignable in this court thereon. And where instructions are asked and refused, and the action of the court is not excepted to at the time of such refusal, this court is precluded from their consideration.

2. PARTNERSHIP—POWERS OF PARTNER IN A NON-TRADING PARTNERSHIP.—In the case of a non-trading partnership, as in this case, one partner could not bind the other by a note executed by him in the partnership name, without prior authority therefor, or evidence that it was customary so to do. But the giving of a promissory note, bearing customary rate of interest, for borrowed money, is so usual, that it may be presumed to have been within the contemplation of the parties that a loan should be thus effectuated.

3. ———— CONTRACT—SEVERAL CONSIDERATIONS FOR PROMISE—RULE CONCERNING.—Where there are several considerations recited as the ground of a promise, and any of them be frivolous and insufficient, or illegal, and the others are good and sufficient, then the good may be severed from the bad, and the promise upheld. But if the bad be so connected with the good as to make the consideration an entirety, and incapable of severance, the whole promise is void.

4. PRACTICE — PLEADING — RATIFICATION. — A ratification must be pleaded by the party seeking its protection. And to constitute a ratification, it must appear that the party ratifying knew at the time of the thing alleged to be ratified.

*On motion for rehearing.*

5. ABSTRACT OF RECORD — RULE AS TO TRANSCRIPT.—If the parties themselves are not agreed as to whether the abstract correctly represents the state of the record, this court must look to the transcript to determine this agreement.

APPEAL from Jasper Circuit Court, HON. M. G. McGREGOR, Judge.

*Reversed and remanded.*

*Motion for rehearing denied.*

The case and facts are stated in the opinion of the court.

ROBINSON & CROW, for the appellant.

I. If a partnership existed, it was a non-trading partnership. *Deardorf's Adm'r v. Thacher et al.*, 78 Mo. 128 ; *Smith v. Sloan*, 19 Am. Rep. 757.

II. A partner in a non-trading partnership cannot bind a co-partner by a bill or note drawn or accepted or endorsed by him in firm name, not even for a debt owed by the firm, unless he have express authority from his co-partner, or it is usual or customary in similar partnerships. *Ulery v. Geirich*, 57 Ill. 538 ; *Deardorf's Adm'r v. Thacher*, 78 Mo. 128. Authority must be proved affirmatively to sign the instruments,

and no inferences will be drawn. *Dithman v. Valpry,* 10 R. & C. P. 128; *Judge v. Branwell,* 26 Am. Rep. 128. Therefore, instruction numbered one, asked by the defendant and refused by the court, should have been given.

III. The court erred in not giving the instruction numbered three, asked by the defendant, for the reason that no custom as to signing notes being proved, then assuming that Allington and Anderson were partners in washing and cleaning mineral, yet express authority given Allington to execute said instrument, or subsequent ratification thereof by Anderson, must be shown to ¦bind Anderson. *Deardorf's Adm'r v. Thacher, supra; Smith v. Sloan,* 19 Am. Rep. 757.

IV. The instruction in behalf of plaintiff submitted the question of the existence of a partnership, and instruction numbered two, asked by defendant, should have been given, submitting the issue of the character of Anderson's interest in the property to the jury. No matter how slight the evidence, defendants were entitled to an instruction on it, and the benefit of whatever inference the jury might draw. 45 Ill. 87; 5 Mo. 513; 42 Ga. 289; Sachett on Instruction, 14. If Anderson participated in profits as a creditor, he is not liable as a partner. Abbott's Trial Evidence, 212; 69 N. Y. 35.

V. Assuming authority proved "to borrow money" that does not confer authority to execute a note of Allington & Company, or any other note. *Mechanics Bank v. Schaumburg et al.,* 38 Mo. 237; *Bank of Trenton v. Gay et al.,* 63 Mo. 38. When the intention to give authority to execute the instruments sued on cannot be clearly discerned, the agency will not be recognized or implied. Story on Agency [8 Ed.] sect. 87. Authority to execute a note, implied from authority to do a certain other act, is strictly construed. 1 Daniels on Negotiable Instruments [3 Ed.] sect. 292; *School Dist. v. Sippry,*

54 Ill. 287 ; *Bank of Deer Lodge v. Hope Mining Co.*, 3 Mon. 146 ; *Sewanee Mining Co. v. McCall*, 3 Head. 621.

VI.   The court erred in admitting the instruments in evidence, as the petition described them as notes, and they were but contracts.   *First Nat. Bank of Trenton v. Gay*, 63 Mo. 38.

PHELPS & BROWN, for the respondent.

I.   The appeal should be dismissed for failure to comply with rule fifteen.   This court has held that it would not go to the transcript to ascertain the character of the instruments sued on or the instructions given and refused.   *Goodson v. Railroad*, 23 Mo. App. 76.

II.   The action of the trial court in giving instructions of its own motion cannot be complained of, because the attention of the court was not called to it in the motion for a new trial.   *Kimberlin v. Short*, 24 Mo. App. 643.   There was no error in refusing to give defendant's instructions, as they were predicated on a partial statement of facts only, and left out of view altogether the questions of authority and ratification.   An instruction which ignores or leaves out of view any material fact is properly refused.   *Baranda v. Blumeuth*, 20 Mo. 162 ; *Sigerson v. Pomeroy*, 13 Mo. 620 ; *Wyatt v. Railroad*, 62 Mo. 408.   So if based on a partial statement of facts.   *Mead v. Botherton*, 30 Mo. 201 ; *Iron Mountain Bank v. Murdock et al.*, 62 Mo. 70 ; *Sheedy v. Streeter*, 70 Mo. 679 ; *Ellis v. Wagner*, 24 Mo. App. 407.

III.   The other matters embraced in said instructions had been already fully covered and fairly presented in the instructions given by the court in behalf of the respondent and of its own motion.   It is not error to refuse instructions which announce principles embodied in those already given, or where those already given correctly declare the law applicable to the whole case.   *Miller v. Railroad*, 90 Mo. 389 ; *State v. Elliott*, 90 Mo. 350 ; *State v. Jump*, 90 Mo. 171 ; *Brooking v. Shinn*, 25 Mo. App. 277.   The sixth and seventh instructions were

given, as asked by appellant, except that the court modified the sixth by adding the final words, "and unless the jury so find, they will find the issues for the defendant, Anderson, on each count of the petition."

IV.    The appellant, having availed himself of the benefits of the notes made on his behalf by using the money obtained thereon in the carrying on of the necessary firm business is in equity and good conscience estopped from claiming that Allington exceeded his powers in making the instruments sued on.    *Ten Broke v. Winn Boiler Compound Co.*, 20 Mo. App. 19, and cases cited; *Brown v. Wright*, 25 Mo. App. 54.    The rule is well established that a master will be liable on a note executed by his clerk, though without authority, if the money be actually applied to his use. Dunlap's Paley on Agency, 168.

V.    The fact that appellant remained silent after being informed by respondent that his co-partner, Allington, had given the firm notes or exceeded his authority is evidence of assent both prior and subsequent. 1 Lindley on Partnership, 236a, 263j; *Reubin v. Cohn*, 48 Cal. 545.    The rule is that not only the appointment, but the authority of Allington to give the notes declared on may be implied from the recognition or adoption of his acts by Anderson.    *Kiley v. Forsee*, 57 Mo. 390; *Southage v. Railroad*, 61 Mo. 89.

VI.    The giving of the notes in controversy was necessary to the carrying on of the firm business, and the money realized was applied to the uses of the firm and in such case express authority is not necessary. *Deardorff v. Thacher*, 78 Mo. 129.

VII.    The authority to borrow the money included the power to give the notes which are sued on here. *Bank v. Gay*, 63 Mo. 371; *McAlpine v. Cassady*, 17 Texas, 449.

VIII.    If the court erred in assuming the instruments declared on to be notes the defendant adopted the same theory and cannot complain.    Besides the error,

if any, was immaterial. *State v. Stewart*, 90 Mo. 507;
*Holmes v. Braidwood*, 82 Mo. 610; *Fell v. Railroad*, 23
Mo. App. 216.

*On motion for rehearing.*

PHELPS & BROWN, for the motion.

I.   The appellant's abstract of the record does not
pretend to set out the instructions given by the court at
the instance of the respondent, nor is the defect supplied
by the record of the respondent.   Even had the instruc-
tions given by the court on behalf of the respondent
been presented to this court by the record the judgment
would not be reversed on that ground alone, unless the
appellant had set forth that as an error in his motion
for a new trial.

II.   The motion for a new trial is not set out in the
record; hence this court cannot, under its rules and
practice, determine whether or not the attention of the
court below was called to the instructions complained of.

III.   This court will not go to the transcript to
ascertain what was done in the trial court when appel-
lant's abstract does not set it out or refer to it.   *Hans-
man v. Hope*, 20 Mo. App. 193.   The judgment of the
lower court was reversed upon the sole ground that the
note contained a clause for an attorney's fee and that
plaintiff recovered judgment therefor.

IV.   It was contended by counsel for respondent
that, inasmuch as the appellant had not preserved in
the record the instruments sued on, this court could not
consider it, and the court, in its opinion, says, "it is
quite manifest from the instructions that the instru-
ments contained some provision for the payment of an
additional per cent. on the principal sum, for the court
expressly directed the jury to find this additional sum
if they found the issues for the plaintiff." We re-
spectfully submit that no such instruction appears in
either the appellant's or respondent's abstract of the

record, except the instruction given by the trial court of its own motion, which this court expressly refuses to review, for the reason that no such error was assigned.

V. The same may be said in regard to the pleadings. No question concerning them was raised in the trial court, none presented by the record in this court, or preserved in the bill of exceptions, or urged in this court, and there is nothing to indicate to this court whether the respondent did not count upon subsequent ratification as well as original authority to execute said notes, and no objection was made upon the trial to the introduction of the instrument sued on, because it was not a note, or because of variance between the allegations and the proof.

ROBINSON & CROW, in reply to the motion.

I. Where the error complained of in an appeal from the circuit court is apparent on the face of the record it may be reviewed without the saving of exceptions or the filing of a motion for a new trial. *Railroad v. Mahoney*, 42 Mo. 467; *Nordmanser v. Hitchcock*, 40 Mo. 178. All errors apparent on the face of the record, the court will judicially notice. *Jones v. Tuller*, 38 Mo. 363.

II. It is apparent from the abstract of record furnished both by appellants and respondent, "that the trial court treated them (the instruments in controversy) as promissory notes. And it is quite manifest from the instructions (especially those given by the court at the request of plaintiff, and those are the ones reviewed by the court), that the instruments executed by Allington to plaintiff contained some provision for the payment of an additional ten per cent. on the principal sum, for the court expressly directed the jury to find this additional sum if they found the issues for the plaintiff." And this being so, the court simply holds that upon the facts disclosed by the record, that as a matter of law, no au-

thority is shown to execute the instruments sued on, as they are not notes. And this court has held that, when no point is made on the pleadings, the effect of the pleadings may be stated in the abstract and that will be sufficient. 23 Mo. App. 82. And we take it that the same rule would extend to the verdict and the judgment thereon, and if no question was raised as to the amount or character of the verdict and judgment, then it would be sufficient to state in the abstract the effect of the verdict and judgment. In this case no point was made by respondent's counsel as to what the amount of the verdict and judgment was, or what was the character thereof. And the appellant did set out the effect of the judgment, and the character thereof, in the words, "and under the instructions of the court, the jury found a verdict for the plaintiff for the amount of the two notes, interest, and ten per cent. as attorney's fees." And from this the court could surely determine that the two instruments were not notes.

III. The counsel for respondent, we think, misconstrues the case of *Hansman v. Hope* (20 Mo. App. 193). This case, as we understand it, simply holds that where not even the substance of the instruments sued on are set out, or appear in the record or the abstract supplied by appellants that the court will not pass on their legal effect. That is not this case, for here it appears throughout the record and the abstract furnished by appellant, as well as in the brief of counsel for respondent, what the substance of the instruments sued on was and exactly what the instruments themselves were, to-wit, what is termed promissory notes with an attorney's fee clause in them. The other case of *Goodson v. Railroad* (23 Mo. App. 74), only holds that where no abstract of the record and the evidence is filed by the respondent, that the abstract filed by appellant must set out every part of the transcript relied upon as error, and all that is necessary to show it such. That is not this case, for the reason that the re-

spondent filed an abstract of the record, and not only that, but the counsel for respondent assigned as a reason for doing so that they wished to controvert the correctness of the abstract given by the appellant. We think, therefore, that the rule laid down in the last-mentioned case, would not apply in this case.

IV. The appellant did object to the introduction of the instruments sued on in evidence, "because no express authority was shown to execute them." And we think that the record, as furnished the court by both respondent and appellant, clearly shows that the court below committed error, and, that, therefore, the judgment of this court reversing the case is correct and should be allowed to stand, and the motion for a rehearing overruled.

PHILIPS, P. J.—This is an action against the defendants to recover on several instruments of writing in the form of promissory notes. Allington made default, and Anderson interposed the plea of *non est factum.* The record, as presented in the abstract furnished by the appellant, is imperfect; but its defects have been so far supplied, in the matter of evidence, by respondent, as not to justify us in visiting upon appellant the penalty prescribed in rule fifteen of this court. From it we gather, substantially, the following state of facts : Plaintiff's evidence tended to show that defendants were partners, at Webb City, in running a crusher, for crushing and cleaning zinc ore. Allington was the active manager. He ran the machinery, employed and paid the hands. The concern being in need of money to carry on the business, and pay the employes, on consultation between the partners, it was concluded that it would be best to borrow some money to that end. And the evidence tended to show that Anderson authorized Allington to borrow money therefor. Accordingly, Allington did effect a loan from the plaintiff, and execute to him therefor instruments of writing, in the form of

promissory notes, but with the additional stipulation, that in case of suit for the collection of the same, the defendants should pay the sum of ten per cent. on the principal debt as attorney's fee. The evidence shows that this money was used by Allington in paying off the hands employed in conducting the business of the concern. Anderson, while not denying the conversation about the necessity of borrowing money, insists that he did not authorize Allington to execute notes therefor, much less notes containing the stipulation for paying the additional ten per cent. He also questions the existence of the alleged partnership ; and further insists that if any partnership existed it was a non-trading partnership, under which one partner had no implied authority to make commercial paper in the firm name. The plaintiff recovered judgment, and the defendant, Anderson, has, appealed.

I.   The only questions which are properly presented for review on the record are as to the correctness of the action of the trial court in giving the instructions asked by plaintiff. As to those given by the court of its own motion, no error is assignable here thereon, for the reason that the appellant did not raise such objection in the motion for new trial. *Kimberlin v. Short*, 24 Mo. App. 643, and cas. cit. And as to the instructions asked by defendant, and refused by the court, we are likewise precluded from their consideration, for the reason that defendant did not except to the action of the court at the time of such refusal. *Kieler v. Reed*, 9 Mo. App. 580 ; *Robinson v. Shepherd*, 8 Mo. 136 ; *Dozier v. Jerman*, 30 Mo. 216.

II.   This being a non-trading co-partnership, Allington could not bind Anderson by a note executed by him in the partnership name, without prior authority therefor, or evidence that it was customary so to do. *Deardorf v. Thacher*, 78 Mo. 128. It is quite manifest, however, from the instructions given by the court, that the jury must have found, from the evidence, either, that

such antecedent authority was given by Anderson, or that he ratified the act subsequently.

III.    But it is further contended by defendant, Anderson, that, conceding the authorization to borrow money, this did not warrant Allington in executing a promissory note therefor, much less a contract in writing to pay the additional ten per cent. as attorney's fee. It is true, as suggested by respondent's counsel, that the appellant has not preserved in the record the instruments sued on, so as to enable us, by reading them, to determine their legal character; but it is quite inferable, from the evidence, and the instructions, that the trial court treated them as promissory notes; and it is quite manifest, from the instructions, that the instruments executed by Allington to plaintiff contained some provision for the payment of an additional ten per cent. on the principal sum; for the court expressly directed the jury to find this additional sum, if they found the issues for the plaintiff. If the instrument contained no such provision, the respondent would be impaled upon the other horn of the dilemma, that the court gave instructions on his behalf, unsupported by a particle of evidence, the benefit of which he had in the verdict returned by the jury. As to the implied authority of Allington to execute, in the firm name, a promissory note for the money borrowed, we take it to be too clear for argument. The evidence shows that the plaintiff was a banker in Webb City, and that his name was mentioned as the probable party from whom the accommodation could be had. As the giving of a promissory note, bearing customary rate of interest, for borrowed money, is so usual, it must be presumed to have been within the contemplation of the parties that the loan should be thus effectuated. Story on Agency, 58, 59, 60, 85; *First National Bank v. Gay et al.*, 63 Mo. 37, 38. The more serious question is as to the correctness of that portion of the instructions which authorized the recovery for the ten per cent. attorney's fee. We are of

opinion that the claimed authority given by Anderson to Allington, to borrow money, did not carry with it an implied authority to bind Anderson to pay this additional sum. Such stipulations in like contracts are so much disfavored by our Supreme Court that they are held to destroy the quality of commercial paper which attaches to promissory notes in the usual form. *First National Bank v. Gay et al., supra.* If any such custom or usage, in borrowing money, existed in that community, it devolved on the plaintiff to show it. No such proof was made, and I presume could not be. In the absence of such custom, we must hold that it was not reasonably within the implied power of Allington to bind Anderson to such compact. *First National Bank v. Gay et al., supra ;* Daniel on Neg. Inst., sect. 292 ; *School District v. Sippry,* 54 Ill. 287 ; *Sewanee Mining Co. v. McCall,* 3 Head. 621.

IV. As this case must be reversed, we should now determine the further question : Does this unauthorized stipulation, respecting the payment of the additional ten per cent. attorney's fee, invalidate the whole instrument, so that no recovery can be had against Anderson for the money borrowed, with interest ? I understand the rule to be that, where there are several considerations recited as the ground of a promise, and any of them be frivolous and insufficient, or illegal, and the others are good and sufficient, then the good may be severed from the bad, and the promise upheld. But if the bad be so connected with the good as to make the consideration an entirety and incapable of severance, the whole promise is void. On the maxim that "the common law doth divide according to common reason," we must hold that the stipulation to pay the unlawful ten per cent. is severable from the promise to pay the money borrowed with interest. So much so that the plaintiff might have sued to recover on the instrument without asking judgment for the attorney's fee. *Brooks v. Ancell,* 51 Mo. 178 ; 1 Pars. Cont. [7 Ed.] 455 ; *Gelpcke v. City of*

*Dubuque*, 1 Wall. 222; *Hynes v. Hays*, 25 Ind. 32; *Treadwell v. Davis*, 34 Cal. 601; *Frazier v. Thompson*, 2 Watts & S. 236; *Cassady v. Woodbury Co.*, 13 Iowa, 113.

V. It is contended, however, by respondent, that defendant ratified the act of Allington, and, therefore, he is estopped from denying his authority. It would be a sufficient answer to this contention to say, that no such issue was raised by the pleadings. A ratification must be pleaded by the party seeking its protection. *Wade v. Hardy*, 75 Mo. 399; *Kersey v. Garton*, 77 Mo. 645; *Noble v. Blount*, 77 Mo. 235; *Stone v. Richardson*, 21 Mo. App. 17. If the money borrowed by Allington was used by him in and about the partnership business, with Anderson's knowledge, it would not lie in his mouth to question the authority to borrow the money. *Tenbroke v. Winn Boiler Compound Company*, 20 Mo. App. 19; *Brown v. Wright*, 25 Mo. App. 54; *Deardorf v. Thacher*, 78 Mo. 129; *Pike v. Douglass*, 28 Ark. 59. But, before defendant, on this ground, could be held for the ten per cent. attorney's fee, it would devolve on the plaintiff to show by evidence that Anderson knew, at the time of the alleged ratification, of the promise of Allington to pay such fee.

VI. We shall not review the instructions, and point out their defects in detail. Observing the real issues in the case, and guided by this opinion, we do not anticipate that the trial court will have any difficulty in framing proper instructions in the further progress of this case.

It follows that the judgment of the circuit court is reversed, and the cause is remanded for further proceeding. All concur.

### On motion for rehearing.

PHILIPS, P. J.—A rehearing is asked in this case chiefly on the ground that the opinion states that the

instruction given for plaintiff was predicated of the fact "that the instruments contained some provision for the payment of an additional per cent. on the principal sum." It is claimed in the motion for rehearing that the court had no right to consider the instructions given on behalf of plaintiff, (1) for the reason that appellant had not set the same out in his abstract of the record. This is not correct. The abstract does set out the first instruction given by the court on behalf of plaintiff, which expressly told the jury, if they found the issues for the plaintiff, they would find "the amount of principal and interest of the first note sued on, and for ten per cent. of the amount due on said first count as attorney's fees, on the second count, third count, and fourth count * * * ten per cent. of the amount due * * * as attorney's fees." But the appellant, by mistake in his abstract, assigns this instruction to the lot given by the court of its own motion. But, says respondent, in the motion for rehearing, this fact could only be ascertained by reference to the transcript, and this court has held that it will not look to the transcript, outside of the abstract furnished by appellant. The application of this rule to the facts of this case is an entire misapprehension of its scope and true intent. Necessarily, it has its exceptions, so obvious that there is no ground for any intelligent misunderstanding of it. If the parties themselves are not agreed as to whether the abstract correctly represents the state of the record, we must look to the transcript to determine this disagreement. Nor does the rule for printing an abstract require, in the matter of instructions, that it should be in so many words stated that the party then and there duly excepted to the giving or refusal of instructions. Where the appellant gives the instruction in his abstract complained of, and assigns error thereon, we assume that he duly saved exceptions thereto. If this was not done, we assume that the opposite side will make such point in their brief. If no such objection be

made by opposite counsel, we treat the case as if the exceptions were timely taken. The appellant in this case presents the instructions in his abstract as having been given by the court of its own motion. The respondent, to escape the [manifest error on the face of one or more of these instructions, makes the point, at the hearing, and in his brief, that the appellant saved no exceptions thereto in his motion for new trial. This compelled a reference to the transcript to ascertain the real fact. This developed the fact that the first instruction credited to the court, *sua sponte*, was asked by the plaintiff, which was covered by the motion for new trial. And where the fact is thus brought to the attention and knowledge of the court, it would be trifling with the administration of justice to deny the appellant the benefit of the objection merely because in his abstract he had inadvertently credited the instruction to the court's motion.

The motion for rehearing is denied. All concur.