Ferneau v. Whitford.

JOHN M. FERNEAU, Appellant, v. MATHEW WHITFORD *et al.*, Respondents.

### Kansas City Court of Appeals, February 17, 1890.

1. **Guardian:** POWER TO APPOINT AGENT: PAYMENT. The foreign guardian of a foreign insane ward can have an agent in this state to receive money due such ward, and payment to such agent will discharge the debtor *pro tanto*.

2. **Pleading:** RATIFICATION, WAIVER AND ESTOPPEL. When a party relies upon ratification, waiver or estoppel, he must plead the same in order to make it available at the trial.

3. **Evidence:** MUTILATED CHECK: MAXIM. The action of the trial court approved in admitting a mutilated check in evidence, and the opinion is expressed that the maxim, *Omnia præsumantur in odium spoliatoris* does not apply.

4. **Appellate Practice:** OBJECTION TOO LATE. An objection when made for the first time in the appellate court is too late.

5.  **Payment:** AGENT: RISK OF DEBTOR: HOLDING OUT AGENT. If a debtor pay money to an agent of the creditor due on a written security, it is his duty to see that the person to whom he pays is in possession of the security, and if the agent is not in possession, the payment is at the debtor's risk; but if the creditor, by his conduct and course of dealing, holds out one as his agent to receive money and thus induces his debtor to pay money to such agent, he is concluded thereby.

*Appeal from the Nodaway Circuit Court.* — HON. CYRUS A. ANTHONY, Judge.

REVERSED AND REMANDED.

*E. A. Vinsonhaler*, for the appellant.

(1) The court erred in refusing instruction number 7, asked by appellant. R. S. 1879, secs. 2596, 2597, 5812 and 5833. (2) The court erred in giving instruction number 2, for respondent, on the question of ratification. It was not pleaded, neither did the principal have any knowledge of the act, or receive any benefit therefrom. *Webb v. Allington & Anderson*, 27 Mo. App. 559, 571. (3) The court erred in giving instruction number 1 for respondent, and refusing instructions numbers 5 and 6, asked by appellant. Authority to collect a negotiable promissory note cannot be implied from collections on other accounts and especially when the alleged agent has not the note in his possession. *Smith v. Kidd*, 68 N. Y. 130; *Williams v. Walker*, 2 Sand. Chan. (N. Y.) 325; *Brewster v. Kerns*, 103 N. Y. 556; 9 N. E. Rep. 323; *Tappan v. Morseman*, 18 Iowa, 499; *Howard v. Rice*, 54 Georgia, 52; *Cooley v. Willard*, 34 Ill. 68; Mechem on Agency, sec. 373 and cases cited. (4) The court erred in permitting respondents to testify on the issue of payment to agent, such agent being dead. *Williams v. Edwards*, 94 Mo. 447–51; *Nichols, Shepard & Co. v. Jones*, 22 Mo. App. 657; *Chapman v. Dougherty*, 87 Mo. 617; *Meier v.*

*Thieman*, 90 Mo. 441. (5) The court erred in permitting the introduction in the evidence of the mutilated check. It was not on its face payable to Joshua Ferneau, but to another person. 1 Greenleaf on Evidence [12 Ed. Redfield's] sec. 565. *Hays v. Bayliss*, 82 Mo. 209, 212.

*W. C. Ellison* and *Johnson & Craig*, for the respondents.

(1) The first point made by appellant is that, as a matter of law, a guardian of an insane person, in a foreign state, cannot collect, through agent or otherwise, money due his ward in this state. Such is not the law, and the court properly refused instruction number 7. While a foreign administrator cannot sue and enforce a demand against a debtor in this state, he can receive a voluntary payment from the debtor, and such payment discharges the debtor *pro tanto*. *Doolittle v. Lewis*, 7 John Ch. (side p.) 45; *Parsons v. Lyman*, 20 N. Y. 103; *Wilkins v. Ellet*, 9 Wall. 740; 2 Jones on Mortgages [3 Ed.] sec. 960. There is no reason why the same doctrine should not apply to the guardian of an insane person, and, if he can receive payment himself, he can empower an attorney or collecting agent to receive payment for him. (2) On the second point we call the court's attention to the testimony of appellant's own witness, J. W. Core: "I know of Joshua collecting rent and corn money for Aaron, while he was guardian of John. They endorsed what he did." And again appellant himself testified: "Wilson Core and brother, Josh, attended to my Missouri business." To the same effect a number of witnesses spoke. (3) Whitford had a right to presume that Joshua had authority to receive payments on John's notes, and John is estopped from denying such authority, because Joshua acted generally for John while he was sane, and

for Aaron while John was insane, collecting money, renting land, negotiating sales, and, in fact, doing all that was to be done in Missouri. *Brooks v. Jamison*, 55 Mo. 505; *Gibson v. Zeibig*, 24 Mo. App. 65, loc. cit. 67. (4) The court did not err in permitting respondent Whitford to testify on the issue of payment to agent, such agent being dead, because, when objection was made, the court expressly ruled that Whitford should not testify as to transactions between him and the dead agent. All that any of the witnesses said on the subject was said without objection from appellant. Whitford was a competent witness as to all matters in issue, notwithstanding the death of the agent, except the transactions between him and the agent, in relation to the payments on the note. *Wallace v. Jecko*, 25 Mo. App. 313. (5) Appellant claims that the court erred in permitting the mutilated check to be read in evidence. The objection made by appellant was that it did not purport to be made payable to Joshua Ferneau, the agent, but to another person. The last name only of the payee appeared on the face of the check. Whether the letters spelled Fernau or spelled Fernan was doubtful, owing to the imperfect formation of the last letter in the name. The court permitted it to be read (leaving that question to the jury) the respondent promising to identify the check by subsequent testimony, which was done.

SMITH, P. J.—This was a suit commenced by the plaintiff against defendants in the circuit court of Nodaway county to recover eleven hundred and forty dollars and interest alleged to be due on a promissory note. The answer pleaded payment.

At the trial it appeared that John, Joshua and Aaron Ferneau, three brothers, in 1881 resided in the state of Ohio and owned severally numerous tracts of land in Andrew and Nodaway counties in this state. It seems

that the three brothers had at one time and another visited this state to look after their landed interest, but Joshua generally attended to the sale and renting thereof as well for his brothers as for himself.

The Ferneau brothers it seems had quite a number of transactions with the defendant M. Whitford in respect to the sale, purchase and the renting of lands. In November, 1881, the said defendant Whitford purchased of plaintiff John Ferneau, through Joshua, a tract of land for twenty-six hundred and forty dollars, paying him fifteen hundred dollars in cash and executing his note, which is the subject of this suit, for eleven hundred and forty dollars. This transaction was conducted by Joshua as agent for John. In 1882, John Ferneau, plaintiff, became insane and Aaron was appointed under the law of the state of Ohio his guardian. There was evidence offered tending to show that Joshua Ferneau, after the insanity of his brother John, represented Aaron Ferneau as guardian for John in respect to the lands of John in Missouri. There was further evidence tending to show that defendant Whitford by check paid Joshua Ferneau $773.50 on the note made to John Ferneau. John and Aaron Ferneau, however, testified that neither of them had authorized Joshua Ferneau to receive any payment on the note. Joshua Ferneau was dead at the time this suit was tried. There was some other evidence tending to show that defendants were entitled to certain credits for services and for money advanced for plaintiff. John Ferneau had become sane and had resumed control of his business before the institution of this suit. There were a number of instructions given and refused which will be noticed later on. The jury found for the plaintiff in the sum of $382.68. After the usual motion for a new trial was filed and overruled and judgment was rendered, plaintiff took his appeal.

I. The plaintiff's first ground of appeal is that Aaron Ferneau, guardian for the plaintiff while insane,

could not authorize Joshua Ferneau to collect the note sued on of the defendants. It is not believed that the provisions of the statute, sections 2596, 2597, 5812 and 5833 were intended to have any application to cases like this. It has been held that a foreign administrator can receive a voluntary payment and that such payment will discharge the debtor *pro tanto*. *Wilkins v. Elliott, Adm'r*, 9 Wall. 740; *Williams v. Storrs*, 6 Johnson Chanc'y, 353; *Parsons v. Lyman*, 20 N. Y. 108. And if an administrator himself can receive such voluntary payment there seems to be no reason why he may not do so by an agent. Nothing is perceived in the principles or policy of the law that would forbid this.

The powers of an administrator are no doubt in this respect analogous to those of a guardian of an insane person. The plaintiff's instruction number 7 was properly refused.

II. The plaintiff's further contention is that the second instruction given for the defendant and the fourth given for the plaintiff, as amended by the court, which in effect directed the jury that if the defendants paid the note sued on, or any part of it, to Joshua Ferneau knowing that the plaintiff at the time had been adjudged insane, then such payment would not discharge said note or any part thereof, unless the said Joshua Ferneau had been authorized by John Ferneau to collect the note given for the purchase money of lands, or that Aaron Ferneau, as the guardian for John Ferneau, after the collection of said note or some part of it by Joshua Ferneau, ratified the act. In other words these instructions, it is contended, submitted to the jury the issue of the ratification, by the plaintiff's guardian, of the act of Joshua Ferneau in receiving of defendants part payment of said note. This is an unanswerable objection to the validity of the judgment. It has been settled by a long line of decisions in this state that when a party relies upon ratification, waiver

or estoppel that he must plead the same in order to make it available at the trial. *Currier v. Lowe*, 32 Mo. 203; *Capital Bank v. Armstrong*, 62 Mo. 59; *Wade v. Hardy*, 75 Mo. 399; *Kersey v. Garton*, 77 Mo. 645; *Noble v. Blount*, 77 Mo. 235; *Stone v. Richardson*, 21 Mo. App. 17; *Webb v. Allington*, 27 Mo. App. 559.

In this case we do not find from an examination of the abstract of the record that there was any such issue made by the pleadings as is submitted to the consideration of the jury by these instructions.

This ground of the plaintiff's appeal must be sustained.

III. The plaintiff further complains that the trial court should not have admitted in evidence the mutilated check. We think there was no error in this. The evidence in respect to the check and, its payment fully warranted the court in permitting it to be seen and considered by the jury. We are not of the opinion that this is a case for the application of the maxim *omnia præsumantur in odium spoliatoris*.

IV. As to the complaint that the court erred in permitting the defendants to testify on the issue of payment to Joshua Ferneau, the agent of plaintiff, or of Aaron Ferneau, who is dead, the bill of exceptions shows that when the plaintiff made this objection in the trial court it was sustained. It seems, however, that there was some evidence of this character introduced by defendants to which no objection was made at the time, so that objection thereto, being made here for the first time, cannot be considered by us.

V. It seems quite well settled that if money be due on a written security that it is the duty of the debtor if he pay to an agent to see that the person to whom he pays is in possession of the security. And if he make a payment to such an agent who has not in his possession such security it is at his risk. Yet, if the principal, by his conduct and course of dealing, held out

one to be his agent to receive money and thus induces his debtor to pay money to such agent, he is concluded thereby.    To permit the principal, in such case, to deny the authority of the agent, would be to perpetrate a fraud upon the debtor.  *Brooks v. Jamison,* 55 Mo. 505; *Gibson v. Zeibig,* 24 Mo. App. 65; Story on Agency, sec. 127.    Whether the plaintiff, while sane, or Aaron Ferneau, while acting as his guardian during his insanity, by their course of dealing and conduct, held out Joshua Ferneau as the agent for plaintiff in the state of Missouri to sell land, receive the deferred payments of the purchase money, and the like, is a question of fact which, under the proper pleadings and instructions in the case, might have been well submitted to the jury.

The judgment is reversed and the cause remanded. All concur.