————o————

EPHRIAM McGLOTHLIN, Adm'r of the estate of WALTER MOORE, deceased, *et al.*, Respondents, *vs.* JAMES HEMRY, Ex'r of REZIN HEMRY, *et al.*, Appellants.

1. *Witness acts—Transactions with administrator touching deed of trust by deceased.*—In proceedings to set aside a deed of trust given by one deceased to defendant, the latter is a competent witness as to transactions with the administrator relating thereto, subsequent to the decease.

*Appeal from Caldwell Circuit Court.*

*Low & McFerran*, for Appellant.

*Hoskinson, Dunn & Donaldson*, for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

Proceedings to redeem lands sold under a deed of trust. The charge was made in the petition, that a large portion of

the debt secured by the deed arose from the accumulation of usurious interest, which had been incorporated in the notes, as they from time to time matured; that $600, being almost the entire sum due, at ten per cent. interest, from the inception of the debt, had been paid shortly before the sale, and $200, an amount far in excess of the sum justly due, tendered in satisfaction of the claim; that in fact only $33.19 was actually due; that notwithstanding this tender, the sale took place, etc., etc.

The answer denied the chief allegations of the petition. The court found that a large portion of the debt secured by the deed of trust was composed of illegal interest; but found, also, that after deducting such interest, the sum of $938 was still due.

A decree was then entered, setting aside the sale, and granting two years in which to redeem the land sold. There was no evidence on which to base this decree, as none of the witnesses knew or pretended to know anything in regard to the consideration of the note in controversy, and to enforce the payment of which, the sale took place.

There is no doubt from the evidence, that some of the prior transactions between Moore and Hemry were tainted with usury; but there is nothing in the testimony to connect those transactions with the one now before us. The alleged agreement to postpone the sale under the deed of trust until the administrator of Moore could realize a certain sum out of the sale of the personal property of the estate, if he would pay $600 of the debt, was altogether too indefinite. If such agreement could be binding, the sale by the trustee might never take place. Besides, the agreement does not seem to have been supported by any consideration; and apparently at the same time when the $600 was paid Hemry refused to postpone the sale.

The idea seems to have prevailed at the trial, that the defendant was not a competent witness. He was clearly competent as to matters occurring between him and the administrator, subsequent to the death of Moore.

Because the evidence does not warrant the decree, and in order that the matters in issue may receive a more thorough and satisfactory investigation, the judgment is reversed and the cause remanded. Judge Vories did not sit; the other judges concur.