Thomas v. The Walnut Land & Coal Co.

---

REESE THOMAS, Respondent; v. THE WALNUT LAND AND COAL COMPANY, Appellant.

| 43 | 653 |
| 95 | 4 62 |
| 95 | 4207 |

Kansas City Court of Appeals, February 2, 1891.

1. **Evidence**: PLEADING: ARTICLES OF INCORPORATION. In an action of *quantum meruit*, the petition alleged the incorporation of the defendant, and that the work and labor sued for was done at the request of the defendant's president and general manager. The answer admitted the incorporation and denied all other allegations of the petition. At the trial plaintiff offered and admitted the articles of incorporation. *Held* no error as they showed the purposes, objects and business of the incorporation and the powers of the president and general manager.

2. ———: NEGOTIATIONS WITHOUT CONTRACT. In such action it is not error to permit plaintiff to detail in evidence negotiations with the general manager in relation to the subject-matter of the suit, although the general manager then said he was not then ready to make a contract, but would see H. and make arrangements with him to put plaintiff to work, and subsequently H. did set plaintiff to work as suggested by the general manager.

3. **Instructions**: DEFENDANT'S THEORY. The record is examined and the instructions are *held* not to exclude from, but fairly to submit defendant's theory of defense to, the consideration of the jury.

4. **Damages**: MEASURE OF: LIABILITY FOR: QUANTUM MERUIT. If defendant's managing officers directed or requested plaintiff to dig the coalpit, etc., without saying anything as to the price to be paid, and plaintiff did as requested, he is entitled to be compensated by the reasonable value of such work and labor done. Even though the request be not satisfactorily shown, yet if plaintiff in good faith and with full knowledge of the defendant or its officers in charge did the stripping and opening of the coalpit, and then the company took possession of the coal thus mined, and converted it to its own use, it is liable to the extent of the benefit received.

Thomas v. The Walnut Land & Coal Co.

*Appeal from the Bates Circuit Court.*—HON. D. A. DEARMOND, Judge.

AFFIRMED.

*Parkinson & Graves*, for appellant.

(1) The court erred in admitting the articles of association, and in admitting Thomas' testimony over appellant's objections. The objections to Thomas' testimony, after he had stated Foster's disclaimer of any power and authority to make any contract, should have been sustained. (2) The instructions given for plaintiff virtually and effectually excluded from the jury all consideration of the acts, statements and doings of Thomas as explaining what the contract really was, with whom and when made, the terms and conditions of it. Defendant's instruction, numbered 10, was modified by the "honest belief" *addendum*, given it by the court of its own motion. Brown's Leg. Max.; *Neeman v. Donahue*, 50 Mo. 493; *Dobbins v. Edmunds*, 18 Mo. App. 307; *Crawford v. Elliot*, 78 Mo. 491; *Bank v. Aull*, 80 Mo. 199; *Yeates v. Ballentine*, 56 Mo. 530. (3) The instructions on the question of the measure of damages were contradictory, confusing and misleading, and based on an assumption that there was no contract of leasing, nor any contract or agreement for four and one-half cents per bushel "on the cars;" and addition to appellant's instruction, numbered 6, viz., "unless you find that the Walnut Land & Coal Company appropriated to its own use any of the fruits of plaintiff's labor in opening the mine, or pit, and derived some benefit therefrom, then the defendant would be liable in this action for no more than the value of such labor to it," is clearly an erroneous rule for the computation of damages in this case, or indeed in any case. *Lowe v. Sinclair*, 27 Mo. 310; *Lamb v. Brolaski*, 38 Mo. 53; *Yeates v. Ballentine*, 56 Mo. 530; *Eyerman v. Cemetery Ass'n*, 61 Mo. 489.

*John T. Smith* and *Chas. W. Blair*, for respondent.

( 1 ) It was not error to admit the articles of incorporation in evidence. Article 7 thereof showed the authority to make just such a contract as the one in controversy, which, perhaps, could not be inferred from the corporate name, and which, certainly, we were entitled to prove by the best testimony. ( 2 ) The objections to Thomas' testimony are equally without foundation. It is true that Foster stated that he was not prepared then to conclude a contract with plaintiff, and gave his reason therefor, viz., the expected participation of another company in the business and profits of his enterprise. In other words, he said substantially : " We want this coal opened ; and I will see Mr. Hood, and, if he agrees, he will put you to work, and I will see that you are paid, and when you do go to work you will do so under the supervision of Mr. Beatty, the agent of our company here." ( 3 ) It was not Mr. Hood as the Improvement Company that Foster desired to consult, but Mr. Hood as a prospective stockholder in the Walnut Land & Coal Company ; and in the negotiations that led to the performance of plaintiff's services Mr. Hood only represented his Improvement Company in its character of a stockholder in the Coal Company. Therefore, whether the contract was made with Foster or Hood, it was still with the Coal Company, and for its exclusive benefit. ( 4 ) But, even in the absence of a contract, the defendant is liable. The evidence shows that Foster wanted the work done if Hood was willing ; that Hood was willing ; that Beatty was showing Thomas where to work, and urging him to complete the work. The defendant knew, through all its accredited representatives, that the work was being done. In such case it is not necessary to prove a contract. The law implies one. *Hay v. Walker*, 65 Mo. 17. The supreme court approves this instruction. 2 Sutherland on Damages.

GILL, J.—Plaintiff Thomas sued the defendant for the reasonable value of labor performed in opening up, or stripping, a certain coalbed on the land of defendant. At the trial in the circuit court plaintiff had a verdict and judgment for $1,400, and defendant appealed. The petition is drawn in the usual form of a *quantum meruit*, alleging the incorporation of the defendant Land & Coal Company ; that said work was done at the instance and request of defendant, was of the reasonable value of some $4,608, giving credit for about $500, and asking judgment for a balance of $4,100. The answer admitted the incorporation of defendant, and interposed a general denial as to the other allegations of the petition.

I.   We proceed to notice the points for reversal as set out in defendant's brief. It is urged, as point one, that the court committed error in permitting plaintiff to introduce the articles of association and incorporation of the defendant, since the answer confessed the allegation of incorporation. At most, this could only be an error entirely harmless. We fail to see wherein the articles of association could be used to prejudice defendant's rights before the jury. However, under the circumstances of this controversy as detailed in the evidence subsequently adduced, we are of the opinion that at least a portion of such articles of association was proper to be submitted to the jury. For example, article 7 marks out definitely the purposes, objects and business of said incorporation, and this action is to charge defendant on an implied contract within the range of such business, to-wit, "the mining of coal" on the land of the corporation. The plaintiff's work, too, was done, as he alleges, by request of Chas. Foster, the president and general manager of defendant, and it would seem entirely proper thus to look into the business in which the said incorporation was engaged, to thereby determine the limit of the powers of said president and general manager. It is clear he could only bind defendant

corporation by a contract with plaintiff within the scope of such business.

Nor do we discover any substantial objection to the testimony of plaintiff Thomas, wherein he relates the negotiations with manager Foster, although Foster then told him that he (Foster) was not *then* ready to make a contract with plaintiff. It is well here to bear in mind the entire story as related by plaintiff Thomas, while on the stand as a witness. In effect he (Thomas) testified, that Foster sent for the plaintiff; that he went in pursuance of this request, and Foster then told him that he (Foster) desired Thomas to do the work, but that negotiations were pending with a certain railroad corporation (acting through Mr. Hood), whereby the coal mining was to be jointly engaged in by the two corporations; that he (Foster) would see Hood in a day or two and arrange with Hood to put the plaintiff to work. Foster did see Hood, and Hood did set plaintiff to work on the grading and stripping the coal. The work was done under the directions of Hood as suggested by Foster, and under the immediate supervision of one Beatty, defendant's local agent. All this tended to show that plaintiff Thomas dug the coalpit, and stripped the earth therefrom, at the request of Foster, defendant's managing officer.

II. In defendant's second point, it is urged that, by the instructions given, the consideration of defendant's theory of defense was entirely excluded from the jury. On an examination of the court's instructions we fail to discover any such cause for complaint. Defendant's version of the matter seems to be, that plaintiff Thomas went to work under a simple leasing of the coal land at one-half cent. per bushel to be paid the Coal Company with an agreement between plaintiff and Hood (representing the railroad company) to take the coal mined at four and one-half cents per bushel loaded on the cars, and that, as the railroad company failed to

put in the switch or spur leading to the mine, no cause of action arose against the Coal Company. Now it would seem by giving the following instructions the court fairly submitted this defense to the jury. The court declared to the jury as follows:

"8. If the jury find that the Walnut Land & Coal Company only agreed to permit the plaintiff to mine coal on its land, and that he was to pay to it a royalty on the coal by him mined, then no failure on the part of the St. Louis & Emporia Railroad Company, or the Kansas & Missouri Improvement Company, to furnish cars to enable plaintiff to ship, sell and market his coal, will render the Walnut Land & Coal Company liable in this action.

"9. If the jury find from the evidence that Thomas went to work on the Walnut Land & Coal Company's lands under an arrangement with C. Hood, by which he, Thomas, had a right to expect, and did expect, to be recompensed for his work and expense in opening the coalpit out of the sale of coal to the railroad company or other parties, and that said Thomas was prevented from selling and so reimbursing himself by the failure of the railroad company to furnish cars, or build a switch to the mine, then plaintiff cannot recover of the Walnut Land & Coal Company in this action, because of such failure of the railroad company to furnish cars or build a switch."

III. Defendant's counsel, in the third subdivision of points made, complain of the court's instructions to the jury on the measure of damages. If defendant's managing officers directed, or requested, the plaintiff Thomas to dig the coalpit and strip the said coalbeds, without anything said as to the price to be paid, and if plaintiff proceeded in the prosecution of such work and performed the same, then it is clear he was entitled to be compensated by the reasonable value of such work and labor done, not exceeding the amount claimed in the petition. And again, even though the request to

do the work may have not been satisfactorily shown, yet if the plaintiff in good faith, and with full knowledge on the part of the defendant or its officers in charge, did the stripping and the opening of the coal-pit, and if then said company took possession of the coal thus mined and converted to its own use the fruits of plaintiff's labor, it is equally clear that defendant is, liable upon a *quantum meruit* to the extent of the benefit received. 1 Chitty on Cont. 81, *et seq.; Lowe v. Sinclair*, 27 Mo. 308; *Hay v. Walker*, 65 Mo. 17. As well quoted by plaintiff's counsel from Sutherland on Damages: "A promise by the employer is generally implied to make reasonable compensation for services rendered, unless there are circumstances which negative that implication." The instructions of the court on the measure of damages were in accord with these principles, and were correct.

Other points (numbered 4, 5 and 6 in brief) are unworthy of mention in an opinion. Defendant's position in each is not tenable. The cause was fairly tried, the evidence justifies the verdict, and the judgment is affirmed. All concur.