LUCINDA LOUDER, Appellant, v. JOHN S. HART, Administrator, Respondent.

Kansas City Court of Appeals, January 16, 1893.

Parent and Child: CONTRACT: PRESUMPTION. Where a daughter from her birth to her father's death lived with him, and for the sixteen years after her majority there was no apparent change of her relation from child to that of servant working for wages, loose declarations of affection or gratitude with the expressed intention to leave her the farm will not bind the estate for such services, which are presumed to have been gratuitous; and, before recovery can be had therefor, there must be an understanding at the time that one was to pay and the other was to receive pay therefor

*Appeal from the Putnam Circuit Court.*—Hon. Andrew Ellison, Judge.

Affirmed.

*A. W. Mullins* and *F. C. Sickles*, for appellant.

The evidence introduced by plaintiff was amply sufficient to have authorized the submission of the case to the jury for their determination, and, therefore, the court erred in sustaining defendant's demurrer to the evidence. The declarations made by plaintiff's father to various witnesses and on many occasions, during the time she was rendering the services charged for, amounted to admissions as to the value and importance of her labor and services, and the manner in which it was bestowed, and were competent evidence to go to the jury in connection with all the circumstances in the case. And from all the evidence and circumstances it was a question for the jury to determine whether the services were rendered under a contract, express or implied, for wages or not. *Koch v. Hebel,* 32 Mo. App. 103; *Hart v. Hart's Adm'r,* 41 Mo. 441; *Smith v. Myers,* 19 Mo. 433; *Wood v. Land,* 35 Mo. App. 381; *Reando v. Misplay,* 90 Mo. 251; *Smith v. Smith, Adm'r,* decided by this court and not yet reported.

*Huston & Parish* and *Franklin & Franklin,* for respondent.

(1) "The claim of a child for services rendered to his father after majority while a member of his family are not regarded favorably by the courts." *Walker's Estate,* 3 Rawle (Pa.) 243; *Swires v. Parsons,* 5 U. S. (Pa.) 357. "Causes of this sort are among the most odious that courts have to deal with." *Lynn v. Lynn,* 29 Pa. St. 369; *Sprague v. Nickerson,*

1 U. C. Rep. 284; Wood on Master & Servant [1 Ed.] pp. 117, 118. "Claims against estates of this sort are a very dangerous class of cases, and should be scrutinized carefully by the courts." *Wood v. Land*, 30 Mo. App. 181. (2) In the absence of a contract to pay, express or implied, there can be no recovery. There is no contention that there is any evidence of any express contract. There is no contract implied from the fact that the services were rendered. The relation of the parties raises the presumption the other way. *Bash v. Bash*, 9 Pa. St. 260; *Hall v. Finch*, 29 Wis. 278; *Wood v. Land*, 30 Mo. App. 181; Wood on Master & Servant [1 Ed.] sec. 72, p. 115; *Duffey v. Duffey*, 44 Pa. St. 399; *Hartman's Appeal*, 3 Grant's Cases (Pa.) 234; *Hall v. Hall*, 44 N. H. 293. (3) In this class of cases it is a well-settled rule of law that it is not enough to prove a moral obligation, but either an express contract or such facts that from that the law will imply a contract must be shown. *Bash v. Bash*, 9 Pa. St. 260; *Sprague v. Nickerson*, 1 U. C. 284; *Hall v. Finch*, 29 Wis. 278; *Duffey v. Duffey*, 44 Pa. St. 399; *Wood v. Land*, 30 Mo. App. 181; Wood on Master & Servant, sec. 72, p. 115. (4) There is not a scintilla of proof that the claimant expected pay while rendering the service charged for. There must be a mutual understanding that the services are to be paid for. *Leidig v. Coover's Ex'rs*, 47 Pa. St. 534; *Green v. Roberts*, 47 Barb. (N. Y.) 521; *Wood v. Land*, 30 Mo. App. 181; *Davis v. Goodno*, —— Vt. 715; *Hudson v. Lutts*, 5 Jones' Law (N. C.) 217; *Hall v. Finch*, 29 Wis. 278; *Hertzogg v. Hertzogg*, 29 Pa. St. 465; *Kaye v. Crawford*, 22 Wis. 322; *Wood v. Land*, 30 Mo. App. 181.

GILL, J.—This is an action for services, brought by the plaintiff against her father's estate. The circuit

court sustained a demurrer to plaintiff's evidence, and she appealed.

I. After a careful consideration of the entire testimony brought forward by the plaintiff at the trial, we indorse and approve the court's action in declaring that plaintiff ought not to recover.

The law applicable to this class of cases has been so often repeated, that it is scarcely necessary here to again refer to it. This plaintiff, from her birth to the death of her father, continuously lived with her father and mother on the little eighty-acre farm. She seems to have been dutiful, industrious and kind to her aged parents. The three—father, mother and daughter—lived at and were supported in common from the products of the little farm. And during the sixteen years of plaintiff's majority (the time for which she charges for her services), there was no different relation than that existing during her minority; nor does there appear anything *tending* even to show that she had changed from the faithful minor daughter into the capacity of a servant, working for wages. The most that can be said is, that the plaintiff did her duty nobly towards her parents; that she labored faithfully and assisted her father in caring for the little farm; and that he was appreciative and grateful because she did not desert them and at different times expressed an intention to leave the eighty acres, on which they jointly resided and by which they were jointly supported, to Lucinda, "when he was through with it!"

It was now because of such service, and these expressions of good will and kind intentions from the parent, that the plaintiff sought to establish a contract between herself and her father. It may have been, and perhaps was, the moral duty of the deceased father to have left his little farm and all he had to this faithful daughter, rather than it should have been

divided among others of the children who had not stood by him with equal fidelity. However, it is not the province of the courts in this manner to substitute their will for that of the dead man, or even to make a will to accord with what it may be thought he intended

Loose declarations made to neighbors or friends indicating mere affection or gratitude are not enough to bind the estate. The services must have been performed under a *contract*, express or implied, under such circumstances as it may be reasonably inferred that an understanding existed at the time between the deceased and the child, that the one was to pay and the other to receive pay for the services performed. The law presumes such services to be gratuitous; and there rests a burden on the claimant (in a case like this) to prove that they were not so intended when they were rendered.

The law of the case will be found in the authorities cited in briefs of counsel. Judgment affirmed. All concur.