88  135
f94  1548
88  135
95  2 63

# MISSOURI EDISON ELECTRIC COMPANY, Respondent, v. LOUIS BRY et al., Appellants.

## St. Louis Court of Appeals, March 26, 1901.

1. **Contract:** VIOLATION OF SAME: DISCOUNTS SPECIFIED, RECOVERABLE. Action for $83,70, discounts allowed on monthly bills for electricity supplied them in accordance with a contract between the parties that defendants would use electricity from them for three years, which they refused to do. The discounts sued for, were taken from plaintiff's regular prices, and formed part of the

consideration of the contract:    *Held,* that defendants should pay the discounts specified in the contract as a penalty for failure to perform it.

2. ———: ———: INTERPRETATION OF CONTRACTS.   In the interpretation of contracts, the words used must be taken in their plain, ordinary and usual sense, and where they are free from any ambiguity or uncertainty, no room is left for construction.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

This is an action for $83.70, being discounts allowed defendants on monthly bills for electricity supplied to them from the first day of February, 1898, to about the first day of May, 1899, when they ceased to further use this illuminant, having removed from the building in which it had been served by the plaintiff under a contract by them embracing the following provisions: "Second.   The party of the first part also agrees to use the service of the party of the second part exclusively, for lighting the premises herein designated, for a period of three years from date of this instrument; in consideration of which the party of the first part shall be allowed a discount of twenty per cent from the rate hereinbefore specified, the same to be deducted from the monthly accounts rendered by the party of the second part."   Defendants were the parties of the second part, referred to in the above clause, and upon removing from the premises designated in the contract, of which that was a part, notified plaintiff to discontinue service in said building, assigning as a cause their removal from said building, and notified plaintiff to remove its fuses from power connec-

tion and remove its arc lamps for same reason. This plaintiff did under protest.

The case was submitted for decision upon an agreed statement of facts, in substance as stated above. Judgment was given for plaintiff for the discounts allowed upon its bills, rendered during the time of the use of its product by defendant, from which the latter appealed.

*David Goldsmith* for appellants.

No brief.

*Johnson, Houts, Marlatt & Hawes* for respondent.

In Missouri Edison Company v. Carmody, 62 Mo. App. 348, this court says, in construing a contract identical with the one in suit: "The price which he agreed to pay was one cent for each unit of electric power, but, in consideration that he would continue to use this electric light for the period of five years, the defendant in error agreed to give him a discount of twenty per cent on this agreed price. He accepted this discount, and afterward, of his own volition and without just cause, set aside and abrogated the only consideration upon which he had received it." The court here very properly finds the breach of contract and consequent failure of consideration in the failure to fulfill the agreement for continuous service.

BOND, J.—The only question presented for review is, whether defendants were guilty of a breach of their contract with plaintiff? If so, they must repay the discounts allowed as a part of the consideration of the agreement. Missouri E. L. & P. Co. v. Carmody, 72 Mo. App. loc. cit. 538. It is insisted for appellant that the terms of the clause under review

were only intended to impose upon defendants the obligation to obtain all the current used in the building occupied by them at the time of the contract, from the electrical plant of the plaintiff. This contention is disproved by the express terms of the clause of the contract under review, which are to-wit: *"The party of the first part (defendants) also agrees to use the service of the party of the second part exclusively, for lighting the premises herein designated, for a period of three years from the date of this instrument."* This language plainly imports an undertaking on the part of defendants, not only to buy from plaintiff, but to continue to purchase from it for a period of three years after the formation of the contract. In consideration of these two obligations, the contract further shows that plaintiff agreed to make a remission of twenty per cent of the gross amount of its monthly bills rendered to defendants. As the defendants only performed these obligations for fourteen months, they necessarily committed a breach of their agreement to do so for three years. In the interpretation of contracts, the words used must be taken in their plain, ordinary and usual sense, and where they are free from any ambiguity or uncertainty, no room is left for construction. The language governing the obligations of defendants in its contract with plaintiff is plain and explicit, neither have we been able to find any other expressions in the contract taken as a whole, which show that the language in question had other than its literal import when used by the parties to the instrument. The rule on this subject as stated by Mr. Greenleaf, is, to-wit: "The writing, it is true, may be read by the light of surrounding circumstances, in order more perfectly to understand the intent and meaning of the parties; but, as they have constituted the writing to be the only outward and visible expression of their meaning, no other words are to be added to it or substituted in its stead. The duty of the court in such cases is to ascertain, not

what the parties may have secretly intended, as contradistinguished from what their words express, but what is the meaning of the words they have used." 1 Greenleaf on Evidence, sec. 277; affirmed in Koehring v. Muemminghoff, 61 Mo. loc. cit. 467; Sachleben v. Wolfe, 61 Mo. App. l. c. 35.

Our conclusion is, that the learned circuit judge attached to the contract under review the legal effect arising upon the language of the parties. His judgment is affirmed. All concur.