H. J. IRELAND et ux., Respondents, v. A. U. SPICKARD, Administrator, etc., Appellant.

Kansas City Court of Appeals, May 5, 1902.

1. **Witnesses:** COMPETENCY OF: DECEASED PARTY: POSTMORTEM CONVERSATION. A claimant, on a trial of a demand against an estate, is a competent witness to testify as to conversations had with him in regard to the claim after the death of the other party.

2. **Evidence:** CONTRACTS: CONSTRUCTION: ACTS OF PARTIES. If a contract admits of different interpretations, it is competent to show the construction put upon it by the acts of the parties themselves.

3. ———: ———: ———: REASONABLE INTERPRETATION. Contracts should be reasonably interpreted, and the acts and relations of the parties may be shown to reach a reasonable construction.

4. **Contracts:** SERVICES IN LAST SICKNESS: INSTRUCTIONS. Instructions submitting to the jury the question of liability for services in sickness and old age, are approved, and the cases reviewed and discussed.

5. ——: CONSTRUCTION: BOARD: NURSING: INSTRUCTIONS.
A contract requiring plaintiff to reside with certain old people and
board them at a specified sum, is held not to cover compensation for
services in nursing them in sickness; and instructions submitting such
interpretation of the contract were properly refused.

6. ——: RECEIPTS: EVIDENCE: PAROL EXPLANATION. Re-
ceipts, though expressed to be in full of all demands, have no con-
tractual elements, but are open to be explained by parol, and at most
are mere prima facie evidence of the facts therein stated.

Appeal from Livingston Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*Sheetz & Sons* for appellant.

(1) The court, over the objection of appellant, admitted evidence that James J. Lawson had given plaintiffs, as pay for extra services, forty acres of land of the value of $600 and $45 in cash. This was error. The contract in issue was dated April 4, 1894, and James Lawson died on May 23, 1894, and these sums could not have been for reward of services for one month and nineteen days. (2) The court allowed one of the plaintiffs to testify as a witness in this cause. This was error; he was a party to the suit and to the contract in issue, and the other party being dead, he was incompetent. Curd v. Brown, 148 Mo. 82, and cases cited. (3) Instruction one and two on behalf of plaintiff are not the law. Kammerman v. Wigginton, 70 Mo. App. 480. In this case, on account of the relationship of the parties, the law does not imply a contract. Woods v. Land, 30 Mo. App. 181; Erhart v. Dietrich, 118 Mo. 431. (4) This contract contemplated all that was necessary to be done for them by plaintiffs, and these receipts are conclusive. Baker v. Nacktrieb, 15 Lawyer Co. Op. U. S. Rep. 528, and cases cited in note. (5) Defendant's instruction No. 8, was a proper construction of the contract read in evidence

and should have been given.　(6)　The court erred in refusing instructions Nos. 9 and 10 on behalf of defendants.　The receipts read in evidence were in full of "all demands to date," and the last one was signed March 1, 1899, and were conclusive of the demand sued on, and a complete bar thereto.　Jackson v. Ely, 57 Ohio St. 450; s. c., 49 N. W. 792; Conant v. Kimball's Estate, 95 Wis. 550; s. c., 70 N. W. 74.　(7)　The court erred in admitting the evidence of Gregory Lawson in regard to the receipts.　These receipts contained all the elements of a contract and were conclusive.　Conant v. Kimball's Estate, supra; Baker v. Nachtrieb, supra.

*J. M. Davis & Sons* with *C. A. Loomis* for respondents.

(1)　The receipts offered in evidence would not bar a recovery.　Grumley v. Webb, 44 Mo. 444; Bigbee v. Coombs, 64 Mo. 529; State ex rel. v. Cummiskey, 34 Mo. App. 189; Griffith v. Creighton, Admr., 61 Mo. App. 1; Cole County v. Dallmeyer, 101 Mo. 67; Aull v. St. Louis Trust Co., 149 Mo. 17; Slattery v. Bates, 8 Mo. App. 595; Wharton on Evidence, sec. 1064, note 4; Quattrochi Bros. v. Bank, 89 Mo. App. 508.　(2)　A receipt "in full of all demands," is not conclusive and will not bar a recovery for matters not included therein. Slattery v. Bates, supra; Bigbee v. Coombs, supra; State ex rel. v. Cummiskey, supra; Grumley v. Webb, supra; Harden v. Gordon, 2 Mason (U. S.) 561, opinion by Judge Story.　(3)　When plaintiffs proved that the work and labor had been done at the instance of Mrs. Lawson, and had been accepted by her, then they made out a prima facie case, and the law implies an agreement on her part to pay the reasonable value thereof. Sprague v. Sea, 152 Mo. 327; Hayden v. Parsons, 70 Mo. App. 493; Voerster v. Kunkel, 86 Mo. App. 194. (4)　Plaintiffs' second instruction properly declares the law.　Buelterman v. Meyer, 132 Mo. 474; McQueen

v. Wilson, 51 Mo. App. 138; Voerster v. Kunkel, supra; Sprague v. Sea, supra. (5) While the contract offered in evidence is inartificially drawn, there is not one line in it which could be tortured in such a manner as that the court would have been justified in construing it to read that plaintiff should care for Nancy Lawson during her lifetime. (6) There was no error in permitting plaintiff, H. J. Ireland, to testify. Martin v. Jones, 59 Mo. 181, and cases cited on 187; Eyermann v. Piron, 151 Mo. 107 l. c. 114; Justice v. Phillips (Ky.), 64 S. W. 963; Banking House v. Rood, 132 Mo. 263; Whaley, exrs., v. Peak, 49 Mo. 82; R. S. 1899, sec. 4652. (7) No error was committed by the court in admitting evidence that James J. Lawson had given plaintiffs pay for extra services rendered. Rose v. Carbonating Co., 60 Mo. App. 28; Union Depot Co. v. Railway, 131 Mo. 291; Dobbins v. Edmonds, 18 Mo. App. 307; Foster Woolen Co. v. Wollman, 87 Mo. App. 667.

SMITH, P. J.—The conspicuous facts disclosed by the evidence in the present case may be chronologically stated in this wise, namely: James J. Lawson, a man possessed of a considerable estate and far advanced in years, with his wife Nancy C., had been, for some time prior to April 4, 1894, residing and boarding with the plaintiffs while the latter occupied certain premises of the former consisting of a house, lot, barn and orchard, and that on said date such latter entered into a written contract with such former to the effect that such latter thereby "agreed to remain in the house where they now reside at the present price and figures of board, which is fifty dollars each three months, with garden, house, lot, barn and orchard free of charge, and in this agreement the parties of the second part agree to remain with the parties of the first part as long as they can agree, and at any time should either of the parties of the first part die, the parties of first part still agree to remain with the other with half of the present price,

and when both of parties of the first part are no more, this agreement shall be void.''

A little over a month after this said contract was entered into the said James J. Lawson departed this life, after which occurrence his wife continued to live with the plaintiffs until April 18, 1899, paying for her board twenty-five dollars quarterly as provided in said contract.   At each quarterly payment the plaintiffs executed their receipt in full ''for all demands up to date.''   During the time the wife continued to reside with plaintiffs, after the death of her husband, she was, much of the time, in such an ailing, sick and infirm condition as to require constant care and attention, which were given her by plaintiffs.   The plaintiffs furnished her wood and meals for her numerous visitors during the time she resided with them after the death of her husband.

A few months after she moved away from the plaintiffs' residence, she died, leaving an estate of several thousand dollars in valuation.   The defendant is the administrator of her estate, with the will annexed. The plaintiffs presented to the probate court an itemized account against her estate for the care and attention given her by them, for the firewood furnished her and meals provided for her visitors.   In the circuit where the cause was removed by appeal, the plaintiffs had judgment, and the defendant administrator, etc., appealed here.

I.   The defendant objects that the trial court erred in allowing the plaintiff, H. J. Ireland, to testify in the case.   It appears from the record that Spickard and Perry, two of the witnesses called by the defendant, testified at the trial to the effect that after the death of the deceased the said plaintiff had stated to them, at a certain time and place, that the deceased was not indebted to him, and that he would not bring in a nurse-bill against her estate, and also that he had been well paid for everything he had done for her.   The plain-

tiff, over the objections of the defendant, was permitted in rebuttal to testify that he had not made the said admissions to which the witnesses Spickard and Perry had testified.   The testimony of the plaintiff was contradictory of that of the defendant's witnesses Spickard and Perry, relating to certain admissions made by him to them after the probate of the will of the deceased.   For this purpose the plaintiff, under the statute (section 4652, Revised Statutes 1899), was competent to testify.   He did not testify as to any matter connected with the interest or with any transaction with the deceased, or to any matter of which she had any knowledge or connection.   We have no doubt that the plaintiff was competent to testify, as he did, to any fact independent of transactions or connections with the deceased, and that, therefore, the trial court did not err in overruling the defendant's objections to the admission of his testimony.   Callahan v. Riggins, 43 Mo. App. 130; Stanton v. Ryan, 41 Mo. 510; McGlothlin v. Hemry, 59 Mo. 213; Martin v. Jones, 59 Mo. 187; Wade v. Hardy, 75 Mo. 394; Banking House v. Rood, 132 Mo. loc. cit. 263; Eyermann v. Piron, 151 Mo. loc. cit. 114.

II.   The defendant further objects that the court erred in permitting Gregory Lawson—a son of James J. Lawson—who was a witness for plaintiff, to testify that his father and stepmother, Nancy C., had lived with plaintiffs several years prior to his father's death and the making of the written contract, and that during that time his father, if sick a week, would pay plaintiff, Mrs. Ireland, for her services, besides his board bill, from five to twenty dollars.   He further testified that at one time when his father had been sick two weeks he had paid her twenty dollars, and that in his last sickness had hired additional help and had paid one party two hundred and seventy-five dollars to help the plaintiff, Mrs. Ireland, take care of him, and that besides this he paid her for her additional labor in taking care of him a fifty-acre tract of land for which he had paid

six hundred dollars. The defendant's contention is that since the said James J. Lawson died in about six weeks after the making of said contract, that the payment of the money and the conveyance of the land to the plaintiff, Mrs. Ireland, could not have been as a reward for her services for so short a period.

The right of the plaintiffs to recover is made, by the parties to this action, to turn upon the construction of the contract, the plaintiffs insisting that their claim is consistent with its terms and provisions, and the defendant to the contrary. The rule is well settled that in cases like this where the contract is doubtful and admits of different interpretations, it is competent to show the construction put upon it by the acts of the parties themselves, and that interpretation when established will be adopted by the courts. There is no better way of ascertaining the meaning and intention of the parties in making an agreement than is shown if all the parties acted on a particular meaning. Foster v. Wollman, 87 Mo. App. loc. cit. 667, and cases there cited; Union Depot v. Railway, 131 Mo. 305, and cases there cited. It appears that said James J. Lawson and his wife resided with plaintiffs for several years before the making of the written contract, paying to them quarterly the same amount of board as is specified in the written contract. As we understand it from the language of the contract, the terms and conditions under which the said James J. Lawson and wife were and had been residing with plaintiffs were not changed by the written contract. That the latter was, in effect, the same as the former. But if all the payments were made by the said James J. Lawson to the plaintiff, Mrs. Ireland, to compensate her for extra care and attention after the date of the written contract, this would show that the parties did not intend and mean by the terms of the contract to obligate plaintiffs to nurse and care for the said Lawson and wife, or either of them, when sick, for the small amounts quarterly paid the former

by the latter for board. This, under the rule just referred to, was an interpretation of the contract by the parties themselves.

Besides this, the contract should have accorded to it a reasonable interpretation. Ehrlich v. Insurance Co., 88 Mo. loc. cit. 256. It certainly would be very unreasonable to suppose that the plaintiffs, poor persons as it is conceded they were, intended by the contract to bind themselves to nurse and care for this infirm and helpless, though well-to-do, old lady through so many years for no other compensation than the meager sum of twenty-five dollars to be paid them quarterly for her board. Now, viewing the contract in the light of all the surrounding circumstances, and we must conclude that it was not thereby intended that the plaintiffs should bestow, or the deceased should receive, such care and attention as was bestowed, without any compensation, or that such service was to be included in the agreement to board her for the said stipulated quarterly compensation.

We are, therefore, of the opinion that the testimony of the witness was admissible to show the construction placed upon the contract by the parties, and that any other than that would not be in accord with reason.

III. The defendant assails the judgment on the further ground that the plaintiff's instructions, numbered one and two, are erroneous. They declare (1) that under the contract read in evidence, plaintiffs were required to board the decedent, and for such board they were to have use of grounds, house, stable and orchard free of rent and twenty-five dollars per quarter in cash, and that the receipts read in evidence show on their face that they were intended as full payment of the contract price for board only, and did not include any other item of indebtedness; and the wording of the receipts, "in full of all demands," does not include any other item or demand other than the item of board;

and if the court found that other services, not included in the contract read in evidence, were performed by the plaintiffs, at the instance of decedent, and accepted by her, then for such sums the finding must be for the plaintiffs; and (2) that if it found that plaintiffs performed labor for decedent, in her lifetime, other than those contracted for in the written contract read in evidence, at her request, the law implies a promise to pay for the said services what they were reasonably worth; and if it further found that from the twenty-third day of May, 1894, to the eighteenth day of April, 1899, plaintiffs did perform labor and services for the deceased in addition to the services that they were to perform under the written contract read in evidence, then the finding must be for the plaintiffs and judgment for the amount that the evidence shows they are reasonably entitled to, not exceeding the amount claimed.

In connection with the foregoing for plaintiffs, two were also given for defendant, which, in substance, declared (1) that although the court may believe from the evidence that plaintiffs cared for deceased during her sickness while she boarded with them, and although it may believe that said care was valuable, yet if it further found that said care was rendered deceased by plaintiffs under circumstances that justified her in believing no charge was intended for the same, then it can not find for them for said care, and its verdict must be for defendant as to that item of plaintiffs' account; and (2) that in making up its verdict it may take into consideration all the facts and circumstances detailed in evidence, and it devolves upon the plaintiffs to show by the preponderance of the evidence, not only that they cared for deceased, during her sickness while she boarded with them, but also that said deceased accepted said care with the understanding on her part that she was to pay plaintiffs for the same, and unless they have so shown, the court can not find for them for said care,

and its verdict must be for defendant as to that item of plaintiffs' account.

These four instructions, it seems to us, fairly submitted the issues in the case to the jury. The general rule to be extracted from the appellate cases in this State is, that where one performs valuable services for another, the benefit of which has been received and enjoyed by him, the law presumes an intention on the part of the former to charge and the latter to pay the reasonable value thereof, and raises a promise upon the part of the latter to pay such reasonable value. Kostuba v. Miller, 137 Mo. 161; Sprague v. Sea, 152 Mo. 332; McQueen v. Wilson, 51 Mo. App. 138; Hayden v. Parsons, 70 Mo. App. 493. And it has been held that a promise by the employer is generally implied to make reasonable compensation for services rendered, unless there be circumstances shown which negative that implication. Thomas v. Coal Co., 43 Mo. App. 653; Lowe v. Sinklear, 27 Mo. 308; Hay v. Walker, 65 Mo. 17.

But the ordinary presumption of an agreement to pay for valuable services rendered does not obtain when the parties occupy the family relation. Woods v. Land, 30 Mo. App. 176; Penter v. Roberts, 51 Mo. App. 222; Louder v. Hart, 52 Mo. App. 377. In such cases the law raises the presumption that the services were voluntary and gratuitous, and this presumption will prevail unless a contract to pay for them be shown. Kostuba v. Miller, supra.

The deceased was not related by ties of consanguinity to the plaintiffs, or either of them. There was nothing in the case to authorize the presumption that the services by the latter for the former were gratuitous, or to bring it (the case) within the rule applicable where the family relation is shown to exist. The general rule embodied in the instructions to which we have previously adverted, was properly applied to the facts which the evidence tended to prove in the case, and to

which application there can be urged no well-founded objection.

IV.   The defendant complains of the action of the court in refusing his eighth instruction which declared that the contract in evidence contemplated that plaintiffs should care for deceased during her lifetime, and that they could not recover if they had received the compensation therein provided.   The contract, the material part of which has been quoted in our statement of the case, heretofore made, expressly requires plaintiffs to remain in the house of the Lawsons and board them for a certain specified quarterly compensation ''as long as they can agree.''   A rigid scrutiny of the contract has not convinced us that there is any provision therein, either expressed or implied, to justify the inference that it was in the contemplation of the parties that under such contract the plaintiffs were bound to do more than reside on the premises named therein and furnish the Lawsons board at and for a certain quarterly amount.   We discover nothing in it which countenances the defendant's contention that the small compensation therein required to be paid for board was intended to include as well the care, attention and nursing which these old and infirm people, or either of them, would from time to time need.   Taking the words of the contract in their plain, ordinary and usual sense, as we must (Edison v. Bry, 88 Mo. App. 138) and we must construe the contract as the parties themselves, in their lifetime, construed it, to be for board only, and that it did not cover such services as those charged for in the account before us.   Nothing is seen in Baker v. Nachtrieb, 15 Howard (U. S.) 126, which is at variance with the view just expressed.   The defendant's eighth, as well as its sixth (the latter in effect a demurrer to the evidence), were, we think, properly refused.

V.   The defendant further insists that the court erred in refusing his ninth and tenth, which declared in substance that even if it found that plaintiffs cared for

the deceased during her last sickness and while boarding with them under the contract, or that they furnished meals to her relations during that time, yet if it further found that she paid them large sums of money and took receipts from them "in full of all demands," then the law presumed that said care and meals furnished were paid for, etc. The specific ground of this instruction is that since said receipts on their face expressed "to be in full of all demands," that they contained contractual elements, and were, therefore, conclusive of the demand sued on. Whatever may be the rule in other jurisdictions, that prevailing in this is contrary to the defendant's insistence. Such a receipt as that here is one of the least conclusive instruments of which the law takes notice. It can always be contradicted or explained by parol, unless there is something in the transaction to which it relates taking it out of the category of a mere receipt for money, and placing it in that of a contract founded upon a consideration. It can not be ranked in any sense as a contract. It possesses no such sanctity as renders it conclusive if there be any good reason why it should be otherwise. It is always subject to explanation and construction in view of the circumstances under which it was given. At most it is but prima facie evidence of the facts therein stated and may be controverted or explained by parol evidence. And the rule is the same whether it (the receipt) be for a specified sum of money or in full. Both are open to contradiction or explanation. Grumley v. Webb, 44 Mo. 444; Bigbee v. Coombs, 64 Mo. 529; Aull v. Trust Co., 149 Mo. loc. cit. 17; Winter v. Railway, 160 Mo. loc. cit. 190; Slattery v. Bates, 8 Mo. App. 595; Fenlon v. Cummiskey, 34 Mo. App. 199; Griffith v. Creighton, 61 Mo. App. 1. And a like rule prevails in the Supreme Court of the United States (Fire Ins. Ass. v. Wickham, 141 U. S. 564) and in the State of New York (48 N. Y. 204). The enunciation of said instructions can not, therefore, be approved by us.

Discovering no prejudicial error in the record, we must affirm the judgment, which is so ordered. All concur.