Cobb v. Holloway.

---

COBB, Respondent, v. HOLLOWAY et al., Appellants.

St. Louis Court of Appeals, February 18, 1908.

1. **PRACTICE: Self-Invited Error.**    Where the defendants in a cause violated the rules of good pleading by setting forth matters of evidence in their answer, they could not complain of a ruling of the trial court in refusing to strike out like matter pleaded in the reply.

2. **WITNESSES: One Party Dead: Transactions with Administrators.**    Where the cause of action arose on account of transactions between the plaintiff and the deceased person of whose estate the defendants were administrators, the plaintiff was a competent witness as to matters which transpired between him and such administrators.

3. **EVIDENCE: Harmless Error.** A party is not in position to assign as error the admission of evidence to prove a fact which he himself alleges to be true.

4. **APPELLATE PRACTICE: Abstract of Record: Evidence: Assignment of Error.** Appellant will not be heard in the appellate court to complain of error in the introduction of evidence which he does not set out in his abstract of the record.

5. **EVIDENCE: Replevin: Possession.** In an action for the replevin of some horses claimed to have been purchased by the plaintiff from a person afterwards deceased, of whose estate the defendants were administrators, evidence tending to show that the plaintiff had rented the deceased's farm was competent for the purpose of showing that plaintiff was in actual possession of the horses at the time they were taken from him by the defendants on said farm.

6. **SALES: Condition: Waiver.** Where a person advertised his personal property for sale upon certain conditions, it was competent for him to waive such conditions, and in an action for possession of property claimed by plaintiff to have been bought at the sale so advertised, where there was evidence tending to show a waiver of the advertised conditions of the sale, instructions framed upon that theory were properly given.

7. ————: ————: ————: **Instruction.** And an instruction in such case authorizing a verdict for the defendant and ignoring evidence of waiver was properly refused.

8. **APPELLATE PRACTICE: Instruction: Ground Covered.** It is not reversible error to refuse an instruction properly declaring the law where the same instruction in substance is given.

9. ————: **Weight of Evidence: Province of Jury.** Although it may appear to the appellate court that the weight of evidence is against the verdict of the jury, where there was substantial evidence to support it, it will not be disturbed.

Appeal from Montgomery Circuit Court.—*Hon. J. D. Barnett,* Judge.

AFFIRMED.

*W. B. M. Cook* for appellants.

(1) The defendants' motion to strike out new matter in plaintiff's reply should have been sustained, for the reason that said new matter was not germane to

the issues in said cause; for the further reason that said new matter was only a statement of evidence, which, under the code should not be pleaded.    Plant Property and Financial Co. v. Railroad, 115 Mo. 613; Kerr v. Simmons, 82 Mo. 259; Sidway v. Live Stock Co., 163 Mo. 375; Murphy v. Price, 48 Mo. 247; VanHoozer v. VanHoozer, 18 Mo. App. 19.    (2) The new matter in said reply stated evidence to which plaintiff could not testify, the other party to the contract being dead, and by the statement of matters of evidence in said reply, he placed before the jury matter of evidence which was not proved, and to which he could not testify. Scott v. Riley, 49 Mo. App. 252; Kellogg v. Malin, 62 Mo. 429; Angell v. Hester, 64 Mo. 142; Leeper v. Taylor, 111 Mo. 312; Rice v. McFarland, 41 Mo. App. 489. (3) A witness is, the statute (R. S. 1899, sec. 4652), disqalified from testifying in his own favor in any case where the other original party to the contract or cause of action in issue and on trial is dead, whether the witness be a party to the record or not, if his testimony would be equally as beneficial to him as if he were a party to the record.    Looker being interested in the outcome of the suit as employee and heir of W. H. Holloway, deceased.    Meier v. Thieman, 90 Mo. 433.    (4) General objection was made to the testimony of plaintiff, Cobb, for any purpose, the other party to the contract or cause of action in issue and on trial is dead, and plaintiff's mouth is closed, and this was conceded by plaintiff's attorney to be the rule on objection, as to matters happening before the death of the other party, but competent as to matters happening after the granting of letters of administration.    And after that the court permitted plaintiff to testify as to ownership of the property in controversy, over the objections of defendants, of which error defendants complain, for the reason that plaintiff being one of the parties to the contract, and the other party to the contract being dead,

the plaintiff was not a competent witness for any purpose involving the contract between him and the deceased.    Ring v. Jamison, 66 Mo. 424; R. S. 1899, sec. 4652; Greenleaf on Evidence, secs. 386, 390, 392; Weiermueller v. Scullin, 203 Mo. 466; Wood v. Matthews, 73 Mo. 477; Hisaw v. Sigler, 68 Mo. 449.

*E. Rosenberger & Son* for respondent.

(1)   The statute as to witnesses is an enabling and not a disabling statute, and a person who is competent as a witness at common law remains so under our statutes, they being designed to enlarge and not to restrict the competency of witnesses.    Bates v. Forcht, 89 Mo. 121; Banking House v. Rood, 132 Mo. 256; Fuchs v. Fuchs, 48 Mo. App. 18; State ex rel. v. Flynn, 66 Mo. App. 373.    (2)   The owner of personal property may place his own conditions upon its sale or transfer, and such conditions will be enforced as between the vendor and vendee; but such conditions may be waived, and an unqualified and unconditional delivery of the goods will imply a waiver.    Oester v. Sitlington, 115 Mo. 247; Drum-Flato Comm. Co. v. Crider Comm. Co., 165 Mo. 84.

BLAND, P. J.—In 1906, W. H. Holloway owned a farm in Montgomery county, Missouri, on which he resided with his family, consisting of himself, wife and grandson, Albert Looker.    In the month of August of said year, Holloway hired plaintiff, Russell Cobb, as a farm hand to work on his farm at a wage of one dollar per day.    Plaintiff continued in Holloway's employ until January 3, 1907, on which date Holloway died.    Defendants were appointed administrators of Holloway's estate and as such took possession of and inventoried two head of horses and two blind bridles as the property of said estate.    The suit is in replevin to recover the possession of the two horses and bridles.

Plaintiff claims to be the owner and entitled to the possession of the property.    Verdict and judgment were for plaintiff.    Defendants appealed.

The evidence shows that on November 6, 1906, W. H. Holloway fell from his wagon, broke his hip and injured his back, and thereafter until his death was a helpless invalid, unable to raise himself in bed or to move his lower limbs, and plaintiff nursed and cared for him from the time of his injury until his death. Holloway owned considerable live stock and a lot of farming implements.    On account of his age (seventy-three years) and his physical condition, Holloway concluded to dispose of his live stock and other loose property and rent his farm and, through his son, W. D. Holloway, and others acting for him, advertised a public sale of his property to take place on December 11, 1906.    The terms of the sale as advertised and as announced by the auctioneer were, cash for all purchases under ten dollars and approved note for all purchases amounting to ten dollars or over.    Plaintiff became the purchaser of the property in controversy on his bid of $150, but did not pay for it, nor did he give his note for the purchase price; for his failure to pay or to give his note, defendants took possession of the property as the property of the estate.    Plaintiff offered evidence tending to show that W. H. Holloway became indebted to him on account of money advanced at Holloway's special instance and request, in the sum of a hundred or a hundred and fifty dollars.    Albert Looker, Holloway's grandson, testified that the day after the sale he was present and heard a conversation between his grandfather and plaintiff; that plaintiff took the bill of sale of the property he had purchased (which had been given to him by the clerk of the sale), to Holloway's bed and asked him if he wanted him to pay in money or give his note, and Holloway said, "No, I owe you Russ and we'll let it go that way."    Plaintiff's evidence also tends to

Cobb v. Holloway.

show that after the sale Holloway agreed to rent his farm to plaintiff for a year, and after his death his widow made a like agreement and plaintiff remained on the farm until defendants took the horses from him and ordered him to leave the place. After plaintiff bid the horses in, he took them back and put them in the barn on the farm and fed them and kept them there until defendants took possession of them. Defendants' evidence tends to show that when they made their first inventory they did not include the two horses for the reason plaintiff agreed to fix up a note for the purchase price; that he refused to make a note and they went back to the farm and took possession of the horses, inventoried them and had them appraised as property of the estate. Plaintiff swore he did not say to the administrators, or either of them, that he would fix up a note for the purchase price of the horses, but on the contrary swore he told defendant W. D. Holloway that he had "settled for the horses once and would not settle for them again;" and also told him that he had rented the farm and expected to stay on it.

The answer, in addition to a general denial, set out the evidence on which defendants relied, that is, the history of the sale and purchase of the property by plaintiff and his failure to pay for the same or to give his note. The reply was not only a general denial of the new matter set out in the answer, but was a statement of the evidence upon which plaintiff relied for a recovery. Defendants moved to strike out that part of the reply narrating the evidence upon which plaintiff relied. The court overruled the motion. This action of the court is assigned as error.

1. Defendants were the first offenders against the rules of good pleading and are in no position. to complain that plaintiff chose to reply to rather than move to strike out the redundant matter in the answer.

2. Error is assigned in admitting the deposition

of Albert Looker, taken in the State of California.    We find no exceptions saved in the abstracts to the admission of this deposition.

3. A general objection is made to the competency of the plaintiff to testify in the case at all.    His evidence was confined to what transpired between him and the administrators, after the appointment of the latter; as to such matters he was clearly a competent witness. [R. S. 1899, sec. 4652; Wade v. Hardy, 75 Mo. 394; Ireland v. Spickard, 95 Mo. App. 53, 68 S. W. 748.]

4. Error is assigned in the admission of "Exhibit 2" as evidence.    The exhibit is not in the abstracts but is described as a check for $100, drawn by plaintiff in favor of Levi Moore, on the Bank of Bellflower. Plaintiff's evidence tends to show the check was drawn at the special instance and request of W. H. Holloway, in part payment of a horse which his grandson Looker purchased of Moore.    This evidence tends to show Holloway was indebted to plaintiff at the time the latter purchased the property in controversy and was admissible as corroborating the evidence of Looker, that plaintiff and Holloway agreed that no note should be given for the purchase price of the property but that plaintiff should give Holloway credit therefor.

5. Over defendants' objection, E. C. Cobb, a brother of plaintiff, was permitted to testify that Holloway agreed to pay plaintiff one dollar per day for his services as a farm hand and he (E. C. Cobb) bid in some of the property in controversy at the sale for his brother.    The contention is that E. C. Cobb was plaintiff's agent in the matters about which he testified and, Holloway being dead, he was not a competent witness. There is no evidence tending to show that E. C. Cobb was plaintiff's agent to hire him to Holloway.    Defendants allege in their answer, that plaintiff purchased the property at the sale, and are therefore in no position to assign as prejudicial error the admission of Cobb's

evidence to prove what they allege to be true, though the witness might have been incompetent for the purpose.

6.    It was shown that plaintiff had brought a prior suit in replevin against defendants for the recovery of the property in controversy, and the sheriff took the property from defendants and delivered it to plaintiff, but that defendants, in disregard of the proceedings, forcibly took the property from plaintiff and this, the second suit in replevin, was brought for its recovery. Over defendants' objection plaintiff read the return of the sheriff to the writ of replevin issued in the first suit. The return is not set out in the abstracts and we are left in the dark as to its contents, as well as to the purpose for which it was offered in evidence; we will not blindly guess whether or not the return was admissible in evidence.

7.    Evidence was introduced, over defendants' objection, tending to prove that Holloway had rented his farm to plaintiff.    This evidence was offered for the purpose of showing that the property in controversy, though on the Holloway farm and kept in the Holloway barn, was in fact in the actual possession of plaintiff at the time Holloway died; we think it was admissible as tending to show plaintiff was in the actual possession of the property at Holloway's death.

8.    Objections were made to the admission of "Exhibit 11," which defendants say in their abstracts purports to be a written contract or ratification by Mrs. W. H. Holloway, of a supposed agreement by her husband to rent the farm to plaintiff.    The exhibit is not in the abstracts; in ignorance of its contents, we will not undertake to pass on its admissibility as evidence.

9.    Error is assigned in the giving of the following instructions for plaintiff:

"5.    The court instructs the jury that the sole defense set up by the defendants in this case is that one W. H. Holloway, deceased, in his lifetime had a sale

of his personal property; that said sale was had upon the condition that the purchaser was to pay cash for all sums under $10 and on all sums over $10 a credit of six months could be given, purchaser to give approved note.    And the court instructs you that although you may find and believe from the evidence that plaintiff did not comply with the terms of said sale, yet if you further find and believe from the evidence that W. H. Holloway, deceased, or his agents, made an unqualified and unconditional delivery of the property in dispute to plaintiff, then you have a right to presume and the law does presume that such conditions of sale are waived, without any satisfactory explanation to the contrary by the defendants, and your verdict will be for the plaintiff.

"8.    The court instructs the jury that if you find and believe from the evidence that in the month of December, 1906, W. H. Holloway had a sale of his personal property and that plaintiff at said sale purchased the property in dispute in this action, and that the plaintiff has not complied with the terms of said sale, yet if you further find and believe from the evidence that notwithstanding the fact that plaintiff had failed to comply with the terms of said sale, the aforesaid W. H. Holloway made an unqualified and unconditional delivery of the property in dispute to the plaintiff, then you have a right to presume and the law presumes that the aforesaid W. H. Holloway waived the conditions of said sale, and if you find those facts, then the fact that the plaintiff failed to comply with the terms of said sale is no defense to plaintiff's cause of action.

"9.    The court instructs the jury that the owner of personal property may place his own conditions upon its sale and transfer, and that such conditions will be enforced as between the vendor and the purchaser of said property; but you are further instructed that such conditions may be waived, and the unqualified and

unconditional delivery of the goods will imply a waiver. Therefore, although you may find and believe from the evidence that W. H. Holloway, deceased, was the owner. of the property in dispute in this case, 'and that on or about the eleventh day of December, 1906, he had a sale of his personal property, and that the terms of said sale were cash on all sums under $10, and on all sums over $10, a credit of six months, purchaser to give approved note, yet if you further find and believe from the evidence that notwithstanding such terms, the plaintiff herein purchased the property in dispute at said sale, and that thereafter the aforesaid W. H. Holloway, or his agents, delivered the property in dispute to plaintiff without any qualifications or conditions, then the court instructs the jury that you may consider such conditions of the sale waived; and notwithstanding the conditions of the sale, if you find and believe that the aforesaid W. H. Holloway did waive the condition of said sale and unqualifiedly delivered the property in dispute to plaintiff, then plaintiff is entitled to recover in this action, and your verdict will be for the plaintiff.

"10.   The court instructs the jury that if you find and believe from the evidence that W. H. Holloway, deceased, was indebted to plaintiff Cobb for moneys advanced and for services performed for W. H. Holloway, deceased, and that the plaintiff Cobb, at the sale of W. H. Holloway, purchased the articles in dispute, then the plaintiff had a perfect right to credit the value of said articles on the account of the said W. H. Holloway with the consent and permission of the said Holloway, and this consent need not be proven by express and direct testimony but may be implied from all the facts and circumstances in evidence in the cause, if such facts and circumstances are sufficient to cause the jury to believe that such consent was given, so if you find and believe from the evidence that the aforesaid Holloway was indebted to the aforesaid Cobb and the aforesaid

Cobb purchased the articles in dispute at the aforesaid sale, and thereupon the possession thereof was unconditionally and unqualifiedly turned over to the said Cobb, then the strict terms of the sale were waived by the said Holloway, and plaintiff had the right to retain the possession of the property and credit the amount bid therefor at the sale on the account of the said Holloway."

Error is assigned in the refusal of the court to peremptorily instruct the jury to find for defendants, and also in its refusal to give the following instructions asked by them:

"9.   The court instructs the jury that if the plaintiff's title is denied in an action of replevin, naked possession is not sufficient to sustain the action, and plaintiff must prove property, either general or special, in the articles replevied, and although the jury may believe from the evidence that the plaintiff purchased said property at the said sale of W. H. Holloway, as conducted by the sons of said W. H. Holloway as his agents, and that plaintiff, who was living on the farm of said W. H. Holloway and working for said W. H. Holloway by the day as a farm hand, may have believed that he was in possession of the said property at the time the defendants as administrators of the estate of W. H. Holloway, deceased, took possession of the said property and made an inventory thereof and had the said property appraised as such administrators, yet if the plaintiff had not complied with the terms of the sale at which he purchased said property, then neither the right of property nor the right of possession passed to the plaintiff, and the jury will find for the defendants.

"10.   The court instructs the jury that replevin will not lie for an injury to the bare possession of property, when the property is shown to be in another, that there must be a right to the possession, coupled

with a general or special property in the thing replevied, and the burden is on the plaintiff to show this fact by the greater weight of the evidence, and if the jury believe from the evidence that the plaintiff had no property, either general or special, in the goods and chattels in controversy, then his action in replevin will not lie and their verdict must be for the defendants' administrators."

Plaintiff's evidence tends to prove that after he bid the horses in, he led them back to the Holloway barn (from where they had been taken to be auctioned off); that the clerk of the sale had given him a sale bill, which he exhibited to Holloway and asked him if he should give his note for the purchase price; that Holloway said, "No, I owe you Russ, we'll let it go that way." Holloway, as the owner of the property, could waive the conditions of the sale, and plaintiff's evidence, as above narrated, tends to show he did waive the conditions as to the property bid in by plaintiff and agreed with him that the purchase price might go to offset what he (Holloway) owed him. [Oester v. Sitlington, 115 Mo. 247, 21 S. W. 820; Drumm-Flato Com-Co. v. Crider Com. Co., 165 Mo. 84, 65 S. W. 239.] The instructions objected to were predicated on this evidence and, we think, properly presented plaintiff's case to the jury.

10. Defendants' refused instruction No. 9 authorized the jury to ignore all of plaintiff's evidence tending to prove a waiver of the conditions of the sale of the property to him and find a verdict for defendants, notwithstanding plaintiff's evidence, and for this reason is erroneous. Defendants' refused instruction No. 10 correctly stated the law and its refusal would have been error but for the fact that the court gave the following instruction for defendants which is, in substance, the same as the one refused:

"1. The court instructs the jury that this is an

action commenced by the plaintiff to recover the possession of the property in dispute, and the burden of proof rests upon the plaintiff, and before he can recover in this action, he must show to the satisfaction of the jury by a preponderance of the testimony, that at the time of the commencement of this action he had either a general or special property in, and a right to the exclusive and immediate possession thereof.    If the plaintiff has failed to show this the finding should be for the defendants."

11. We think the evidence as abstracted preponderates in favor of defendants, but it is not our province to weigh the evidence, or pass upon the credibility of the witnesses, or criticise the verdict of the jury when there is substantial evidence to support it.  Plaintiff made out a prima-facie case and was therefore entitled to have his case submitted to the jury, and it would have been reversible error for the court to have directed a verdict for defendants as it was moved to do at the close of all the evidence.

Discovering no reversible error in the record, the judgment is affirmed.  All concur.