## J. M. WILLIS, Respondent, v. WILLIAM MILLER, Appellant.

**Springfield Court of Appeals, April 14, 1915.**

1. **MASTER AND SERVANT: Wages: Suit For: Evidence.** Action to recover for labor performed as a common laborer. Evidence reviewed and considered sufficient to support a verdict for plaintiff.

2. ———: ———: ———. Action to recover for labor as a common laborer. The fact that one of the plaintiff's witnesses testified on cross-examination to an admission made by plaintiff favorable to defendant does not destroy plaintiff's case and leave it without supporting evidence.

3. **APPEAL AND ERROR: Verdict Based on Substantial Evidence: Appellate Court Does Not Review.** Where there is substantial evidence to support a verdict the appellate court will not review the finding of the jury to determine the weight to be given the evidence.

4. ———: **Review: Evidence: Preponderance.** In an action by a servant against a master for wages, evidence held not opposed to plaintiff's recovery by such an overwhelming preponderance thereof as to imply gross partiality or prejudice on the part of the jury so that the trial judge should be held to have abused his discretion in refusing to grant appellant a new trial.

5. **INSTRUCTIONS: Nondirection: Misdirection.** A trial court is not required in a civil case to give instructions unless requested (Sec. 1987, R. S. 1909) and mere nondirection is not error.

Appeal from Phelps County Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*J. J. Crites* for appellant.

(1) There was an absolute failure of proof on the part of the plaintiff. Plaintiff's proof failed in this, that there was no evidence offered by him as to the

length of time he worked for the defendant under his alleged contract of employment. Plaintiffs recovery, if at all, must have been for some certain time. He was suing on an express contract. There was no proof of the value of the services rendered, hence there could be no recovery *quantum meruit*. It was as necessary to prove the length of time he worked and rendered services for the defendant, as it was to prove that he had a contract of employment to render such services. Failure to do so eliminates the very cause of action itself. Without this testimony the verdict of the jury could be but a guess. (2) The verdict of the jury was against the instructions. McQuillin's Instructions to Juries in Civil Cases, sec. 7; Russell and Co. v. State Ins Co., 55 Mo. 594; Young v. Coleman, 43 Mo. 185. (3) The discretions of the trial judge in refusing to grant defendant a new trial on account of the verdict of the jury being against the great weight and preponderance of the evidence was so unwisely exercised as to amount to an abuse of such discretion. While the appellate courts of this State in law cases have uniformly held that they will not undertake to weigh the testimony, they have likewise held that where it can be seen that the preponderance is so great as to imply some gross partiality or prejudice on the part of the jury, they will in the interest of justice disturb and set aside such a verdict. Garrett v. Greenwell, 92 Mo. 125; Whitsett v. Ransom, 79 Mo. 258; Spohn v. Railroad, 87 Mo. 74; Powell v. Railroad, 76 Mo. 80; Richenback v. Ellerbee, 115 Mo. 595; Spiro v. Transit Co., 102 Mo. App. 262; Jackson v. Hardin, 83 Mo. 186; Meier v. Proctor & Gamble Co., 103 Mo. App. 1; Lehnick v. Railroad, 118 Mo. App. 611; Bowlin v. Railroad, 125 Mo. App. 419; Pickens v. Railroad, 125 Mo. App. 669; Nugent v. Milling Co., 131 Mo. 252; Payne v. Railroad, 136 Mo. 579; Hook v. Railroad, 162 Mo. 580; Patterson v. Springfield Traction Co., 163 S. W. 963; Harper v. Railroad, 172 S. W. 55.

*Watson & Livingston* for respondent.

(1) In a law case the appellate court does not review the evidence further than to ascertain if there was any substantial evidence to support the finding. Brewing Co. v. St. Louis, 209 Mo. 600. (2) Although it may, to the appellate court, appear that the weight of the evidence is against the verdict of the jury, it will not be disturbed if there was substantial evidence to support it. Cobb v. Holloway, 129 Mo. App. 212. (3) The reviewing court should consider the evidence from the standpoint most favorable to the successful party below. Life Ins. Co. v. McDearman, 132 Mo. App. 671. (4) It is for the trier of the facts to pass upon the credibility of the witnesses, and to judge of the weight to be given their testimony. State v. McKenzie, 177 Mo. 699; State v. Nolle, 96 Mo. App. 524.

FARRINGTON, J.—In July, 1914, Willis sued Miller before a justice for twelve months' work as a common laborer, from June 25, 1913, to June 25, 1914, at $18 per month, a total of $216, and recovered a judgment for $25. Defendant appealed to the circuit court where the jury gave plaintiff a verdict for $150. Defendant has again appealed his case, and contends (1) that there was a failure of proof on the part of the plaintiff, (2) that the verdict was against the instructions, and (3) that the discretion of the trial judge in refusing to grant defendant a new trial on account of the verdict being against the weight of the evidence was so unwisely exercised as to amount to an abuse thereof.

On June 25, 1913, defendant Miller conducted the Baltimore Hotel in Rolla, Missouri. Both plaintiff and defendant concede that they entered into a verbal contract on that day whereby plaintiff was to stay at the hotel for his room and board, for which he was to do such work as scrubbing and carrying in wood and other

tasks of like nature that are to be done around a hotel. There was a colored porter for the hotel named Warner, and plaintiff was also to help Warner in transferring trunks to and from the depot and plaintiff and Warner were to share equally in whatever that service netted. Plaintiff worked under this arrangement until July 1, 1913, when defendant Miller took charge of the Grant Hotel in the same city, and plaintiff helped in the moving.

Plaintiff testified that after moving to the Grant Hotel he had a conversation with defendant one evening in which he told defendant "he could not afford to do this work for what I was to first get, and he told me to go ahead and do as I had been doing and he would give me the same wages he was giving Warner, eighteen dollars a month;" that there was no understanding between them as to the trunk money, but that plaintiff and defendant agreed upon an equal division. Plaintiff slept and ate at the hotel and was general utility man—fired the furnace, scrubbed the kitchen, kept the back yard clean, got in fuel, cleaned out the flues, killed and picked chickens, made ice cream, helped beat carpets, looked after the waterworks in the closet, cleaned the cuspidors, worked some in the garden, and in fact "did something all the time." This hotel had about thirty-five rooms and the Baltimore ceased to run when defendant moved. In appellant's statement it is said that plaintiff is a man over sixty years of age who prior to his employment by defendant had worked at odd jobs around the city of Rolla. The record does not disclose plaintiff's age. One witness referred to him as "Dad." Nor does the record show that he worked at odd jobs before going to work at this hotel. Defendant testified that he knew the plaintiff worked at a livery stable before applying to him for employment, and that is all the testimony there is on the subject. Up to January 7, 1914, when Warner quit,

plaintiff said he had received about $40 for trunk haul-ing.    Dobson took Warner's place and the same ar-rangement as to the trunk money was made.    Plain-tiff testified that his reason for not asking Miller for his pay during the time he worked at the Grant Hotel was that he was saving his money and did not need it. On cross-examination he said Miller had paid him $1 before moving from the Baltimore, and after that had made different payments amounting in all to $7.90.

Mrs. Mary Fetters was cook at the Grant Hotel between October 6, 1913, and June 16, 1914, during all of which time, according to her testimony, plaintiff was working there at the duties he detailed.    Dobson also testified that plaintiff quit in June, 1914.    This, taken with plaintiff's testimony about the earnings he and Warner made from trunk hauling up to January, 1914, in our judgment, sufficiently supplies the failure of his testimony to show the exact date he quite the employ-ment, upon which failure appellant bases his contention that there was a failure of proof as to the length of time he worked for the defendant but cites no authority in support thereof.    It is noteworthy in this connection that the jury did not allow plaintiff for the full twelve months at $18 per month which would have been $216, allowing him only $150.    Witnesses Marnell, Stimpson and Dobson testified merely that plaintiff worked at the Grant Hotel, doing the work he testified to.    Wit-ness Mires testified concerning a conversation had with the defendant during this time in which the latter said that plaintiff was the best hand he ever had around the hotel and that he did not want to give him up.    Wit-ness Light, the justice who tried the case, testified merely to an attempt on the part of Miller to corrupt him in connection with the case.

For the defendant, two witnesses testified to hear-ing plaintiff say during the time he worked at the Grant Hotel that he was getting his board and room for working there and what he could get out of the trunk

hauling. Witness Spencer testified that he run a livery barn and that when plaintiff quit the hotel he came to the barn to work and that he told the witness that at the start he was to receive no direct compensation but that it got so he was doing a good deal more work than was specified in the verbal contract and that it got so he had to have money and that when he asked for it they had a falling out and he quit. Witness Mc-Dowell said he heard a conversation between plaintiff and the witness last referred to in which plaintiff said he was getting his room and board for working at the Grant Hotel. The testimony of Warner dealt only with the arrangement at the Baltimore Hotel. Louisa Carroll testified that she worked at the Grant Hotel during the time plaintiff worked there and that she asked the plaintiff to get her a bucket of soft water and plaintiff told her he was "not getting anything out of this except room and board" and if she wanted any soft water to go and get it. Defendant himself testified that he paid plaintiff $8.50 for helping move, which was satisfactory to the plaintiff. He denied that any additional contract was entered into.

Plaintiff denied stating in the presence of any of the defendant's witnesses that all he was to get for his work at the Grant Hotel was his room and board and half the proceeds of the trunk hauling.

Now the plaintiff, after himself testifying, called as a witness Mrs. Mary Fetters who testified merely that she was the cook at the Grant Hotel between October 6, 1913, and June 16, 1914, and that plaintiff worked there during that period doing the work he testified to. On cross-examination she was asked if she ever had any conversation with plaintiff as to what compensation he was getting at the Grant Hotel, and she answered: "Well, I asked Mr. Willis one day to do something for me and he said all he was getting out of this was his room and board." Appellant contends that this nullified the case made out by the plaintiff; in other

words, "that he had proven his case by himself and then disproven it by his witness," and that "this left plaintiff's case standing with no evidence supporting it." The answer to this contention is found in the language of our Supreme Court in the case of Ayers v. Railroad, 190 Mo. l. c. 236, 88 S. W. 608, as follows: ". . . if the plaintiff had by other evidence made out a prima-facie case, the court could not take it from the jury on account of testimony brought out by defendant in the examination of plaintiff's witness touching matters that had not been referred to in the direct examination." The defendant did not ask a peremptory instruction. The only point in his motion for a new trial touching the question is the assignment that "the verdict was in defiance of the whole evidence offered by both plaintiff and defendant and must have been the result of passion and prejudice on the part of the jury." It is sufficient to remark that we consider that assignment entirely too broad under the facts detailed in the record. There is substantial evidence to support the verdict of the jury, and when that is true it is not our province to criticize the finding. [Cobb v. Holloway, 129 Mo. App. 212, 224, 108 S. W. 109.] It would seem frivolous at this late day to multiply authorities holding that it is the function of the trier of the facts to pass upon the credibility of the witnesses and to determine the weight to be given to their testimony.

Nor do we find any merit in appellant's argument that the preponderance of the evidence in this case is so overwhelmingly opposed to a recovery by the plaintiff as to imply gross partiality or prejudice on the part of the jury so that the trial judge must be held to have abused his discretion in refusing to grant appellant a new trial. This is unlike our recent case of Harper v. St. Louis & S. F. R. Co., 172 S. W. 55, in that the amount of the verdict in that case indicated passion and prejudice, and the trial judge, although putting himself on record as believing that the verdict was

grossly excessive, refused to set it aside and grant a
new trial. In an opinion this day handed down (Angie
Brown v. City of Carthage) we held that to reverse a
judgment because of prejudice in the action of the jury,
the facts and circumstances in proof ought not to jus-
tify any other conclusion.

Appellant says the finding was against the instruc-
tions. Only two instructions were given, the first at
the request of the defendant, and the other of the
court's own motion. The instruction given of the
court's own motion concerned merely the number of
jurors that could bring in a verdict, the credibility of
witnesses, etc. The instruction requested by defend-
ant was as follows: "The court instructs the jury that
it devolves upon the plaintiff to establish his claim
against the defendant by a preponderance or greater
weight of the evidence, and unless he has so established
his claim your verdict will be for the defendant" fol-
lowed by an explanation of the meaning of the term
"preponderance of the evidence."

It is the settled law that trial courts are not re-
quired to instruct in civil cases unless requested so to
do, and it has been declared time and again by our
courts that mere nondirection is not misdirection.
[Morgan v. Mulhall, 214 Mo. l. c. 462, 463, 144 S. W.
4—in which the defendant contended that it was error
not to give instructions bearing upon the issues and
announcing rules of law by which the jury could be
guided to a just verdict by them, and the Supreme
Court in overruling the contention quoted with ap-
proval the rule laid down in 2 Thompson on Trials,
sec. 2341, and the text of a note under that section to
the effect that nondirection, where specific direction is
not requested, is no ground of new trial, unless it
produce a verdict against the evidence; see, also, Sec.
1987, R. S. 1909.]

To our minds the plaintiff introduced testimony of
a substantial nature and made a conflict of evidence

upon the only issue being tried, and after verdict in his favor, with the record in that condition, it is entirely useless to attempt to tear down the plaintiff's case by showing a greater number of witnesses who sought to impeach the plaintiff's story. There is no new principle raised or decided in this case. This is a law case and is one of those which it is not the province of an appellate court to look into for the purpose of ascertaining what it might conclude if it were the trier of the facts. Juries and trial judges are provided by law to be the final arbiters of such matters, and when, under instructions in which no error appears, their finding is supported by substantial evidence and nothing appears showing bias or prejudice on the part of the jury or an abuse of discretion on the part of the trial judge, there is nothing left for the appellate court to do but affirm the judgment; and it is so ordered in this case.

*Sturgis, J.,* concurs. *Robertson, P. J.,* concurs in the result.